PER CURIAM.
The employer/carrier appeals a worker’s compensation order entered July 6, 1979, finding appellee did not sustain a subsequent intervening accident which broke the chain of causation from the original com-pensable accident, awarding Heiden continued temporary total disability benefits, and authorizing remedial psychiatric care under the auspices of Dr. Shultz. We affirm the order of the Judge of Industrial Claims.
On April 12, 1975, Ruth Betty Heiden suffered a compensable accident, resulting in injuries to her lower back. A lumbar laminectomy was performed by Dr. Wallace on February 24,1977. The claimant gradually improved and was released with a rating of 25 percent anatomical and functional disability to the body as a whole as of July 1, 1977. In October of 1977, Heiden’s condition changed for the worse. It is to be noted that this worsening condition did not occur until claimant had been released from the hospital several months. The Judge of Industrial Claims found:
Following the discharge by Dr. Wallace the claimant engaged in some rather typical activities such as walking in and out of a small camper or truck type vehicle, walking around a boat show, and the like. As a result of these activities, which are not unusual nor excessive nor unreasonable, the claimant tore the scar tissue left at the operative site from the operation in February, 1977. In point of fact, the *348 claimant began to deteriorate on or about October 17, 1977. The employer/carrier advances the rather novel position that the activities of the claimant constitute an intervening cause. It is plain that an intervening cause or an intervening accident or a post-injury accident may break the chain of causation stemming from an industrial accident or may require payment for only that portion of a person’s disability attributable to an industrial accident. However, it is plain that in this case the claimant’s activities and injuries do not constitute an intervening cause as the claimant in usual and normal activity tore scar tissue left in her back as a result of the surgical procedure resulting directly from the industrial accident. This is not in law or in fact an intervening cause but rather a continuation of the sequelae of the industrial accident. That is, the claimant is operated upon, is left with a weakness because of the operation (in this case scar tissue) and later the scar tissue is torn. Absent the industrial accident and absent the surgery, there would have been no scar tissue for the claimant to tear and it is plain and apparent from the medical evidence that it is this scar tissue and this injury to scar tissue combined with the laminectomy or linked together with the laminectomy which are causing the claimant’s present difficulties.
Our review of the record indicates no error with respect to the finding that there had been no intervening accident.
There was competent, substantial evidence in the record based on the testimony of Dr. Shultz, a duly qualified psychiatrist, that psychiatric treatment is indicated for the claimant and that from a psychiatric standpoint the claimant is presently 100 percent disabled. We therefore affirm.
WENTWORTH and JOANOS, JJ., and' LILES, WOODIE A., Associate Judge (Retired), concur.