397 So.2d 1003 (1981)
WALT DISNEY WORLD COMPANY, Appellant,
v.
Mary Catherine Lathrop MAY, Appellee.
No. VV-351.
District Court of Appeal of Florida, First District.
May 5, 1981.
Lee G. Schmudde, Orlando, for appellant.
Bruce McEwan, and L. Edward McClellan, Jr., of Pattillo, MacKay & McKeever, Ocala, for appellee.
PER CURIAM.
This is an appeal from a workers' compensation order awarding claimant temporary total disability benefits for the period January 4, 1980 to March 18, 1980 and an attorney's fee pursuant to Section 440.34(2)(c), Florida Statutes (1979). Walt Disney World contends the attorney's fee award was unjustified since it did not deny that an injury occurred for which compensation benefits are payable but merely disputed claimant's entitlement to benefits for the period January 4, 1980 to March 18, 1980. We agree.
The record is clear that Walt Disney World admitted this accident, provided all necessary remedial treatment, and paid temporary total disability benefits beginning March 18, 1980 when claimant was put in the hospital for her back condition. Based on the report of its in-house physician, Dr. Bourguignon, Walt Disney World withheld benefits for the disputed period believing that claimant was capable of returning to work. However, the Deputy Commissioner relying on claimant's testimony and that of her current treating physician disagreed with Walt Disney World's assessment of claimant's condition during this period. Nevertheless, this does not mandate an attorney's fee award under the language of the new 1979 statute. When an employer/carrier admits an accident and pays some disability benefits but denies others are due, an attorney's fee is not awardable under Section 440.34(2)(c) Florida Statutes (1979). Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981).
*1004 Accordingly, that portion of the deputy's order awarding an attorney's fee is REVERSED.
BOOTH, SMITH and THOMPSON, JJ., concur.