402 So.2d 36 (1981)
DOLPHIN TIRE COMPANY and Sentry Insurance Company, Appellants,
v.
William H. ELLISON, Appellee.
No. XX-171.
District Court of Appeal of Florida, First District.
July 29, 1981.
Rehearing Denied September 1, 1981.
John F. McMath, Miami, for appellants.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellee.
LILES, WOODIE A., Associate Judge (Retired).
The employer/carrier appeals from a deputy commissioner's order awarding to the claimant a reasonable attorney's fee pursuant to Section 440.34(2)(c), Florida Statutes (1979). We affirm.
The relevant facts to this appeal are essentially undisputed. Claimant's initial claim alleged that an industrial accident occurred on October 16, 1979, for which 80% temporary total disability benefits were due pursuant to the "catastrophic loss" provisions of Section 440.15(2)(b), Florida Statutes (1979). The claim also alleged entitlement to penalties, interest, costs and attorney's fees. The employer/carrier, however, filed a notice to controvert which denied the alleged entitlement to TTD at the 80% *37 rate, penalties, interest and attorney's fees. Specifically, the employer/carrier denied that an injury occurred which had caused damage to claimant's central nervous system. They did admit that a compensable injury had occurred but argued that the claimant was only entitled to TTD benefits at the rate of 66 2/3% of the average weekly wages. See § 440.15(2)(a), Fla. Stat. (1979). While they controverted the claim of 80% TTD, the employer/carrier voluntarily paid the 80% rate plus interest and penalties prior to the final hearing on July 15, 1980. They asserted, however, that the 80% rate was not really owed to the claimant and that they had "gratuitously" paid it. Nevertheless, they made no request for a refund or a credit for overpayment. In his order the deputy commissioner found that the claimant had suffered a "catastrophic loss" as defined by Section 440.15(2)(b), Florida Statutes (1979), that he was entitled to be recompensed at the 80% TTD rate, and that attorney's fees were properly due him.
Since they did not deny that an injury occurred for which compensation benefits were payable and in fact stipulated to the contrary, the employer/carrier argues that this case does not involve the denial of a compensable accident within the purview of Section 440.34(2)(c), Florida Statutes (1979). That statute provides that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier:
... in a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.
This is an issue of first impression before this court. However, we note that the Workers' Compensation Act (Chapter 440, Florida Statutes) is remedial legislation and is intended to be liberally construed in such a manner as to effectuate the purpose for which it was enacted. Gillespie v. Anderson, 123 So.2d 458 (Fla. 1960); Great American Indemnity Co. v. Williams, 85 So.2d 619 (Fla. 1956). The general tenor of the Act is that the employee shall receive the benefits to which he is entitled with reasonable promptness, consistent with the employer's right to make a reasonable investigation. Thompson v. W.T. Edwards Tuberculosis Hospital, 164 So.2d 13 (Fla. 1964). Further, under Chapter 440, every claim of an injured worker is aided by the presumption "in the absence of substantial evidence to the contrary" that the claim comes within the provisions of the Act. § 440.26, Fla. Stat. (1979). Additionally, contrary to the usual construction given to statutory provisions changing the common law, statutory provisions concerning attorney's fees in workers' compensation proceedings have received liberal construction. City of Miami Beach v. Schiffman, 144 So.2d 799 (Fla. 1962). Here, it is apparent that the claimant suffered a catastrophic injury as defined by Section 440.15(2)(b), Florida Statutes (1979), that the carrier denied that such an injury had occurred to the claimant for which compensation benefits were payable, and the claimant prevailed in obtaining these compensable benefits. In light of the self-executing tenor of the Act and the principles enunciated above, we conclude that this factual situation is encompassed by Section 440.34(2)(c) and that the claimant was entitled to an attorney's fee. It is arguable, of course, that the legislature intended that attorney's fees only be awarded where the employer/carrier denies any right to compensability. However, such a narrow interpretation of Section 440.34(2)(c) is contrary to the underlying policy to construe doubtful provisions of the Workers' Compensation Act in favor of the claimant. Great American Indemnity Co., supra. Our holding should not be construed to authorize an attorney's fee where the only issue is over the average weekly wage or some other incidental benefit where the carrier does not deny that an injury occurred for which benefits are payable and the claimant is not forced to prove his injury and entitlement to compensation.
We have considered the employer/carrier's other argument and find it to be without merit.
AFFIRMED.
McCORD and SHIVERS, JJ., concur.