413 So.2d 865 (1982)
PANTRY PRIDE and Alexsis, Inc., Appellants,
v.
Virginia CARTER, Appellee.
No. AF-428.
District Court of Appeal of Florida, First District.
May 12, 1982.
John Patrick Joy of Walton, Lantaff, Schroeder & Carson, Miami, for appellants.
Roger W. LaJoie of Sullivan, Cobb, Sullivan & Orr, Vero Beach, for appellee.
MILLS, Judge.
The employer/carrier appeal a workers' compensation order contending the deputy commissioner erred in awarding an attorney's fee and a penalty to claimant. We reverse.
The employer/carrier admitted the compensability of claimant's injury and began paying disability benefits. They later contested claimant's entitlement to psychiatric care. This action does not subject the employer/carrier to payment of an attorney's fee. Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981). This claim for psychiatric care was merely a claim for a benefit incidental to the injury.
The deputy erroneously assessed a penalty against the employer/carrier. Section 440.20(7), Florida Statutes (1980 Supp.), states that the claimant will be deemed to have waived his claim for penalties if not made prior to the conclusion of the prosecution of his claim before the deputy. No claim for penalties was made by claimant. The statute also states that the deputy may raise on his own motion the question of whether a penalty should be awarded or excused. In this case, the deputy did not raise the question at the hearing. He assessed the penalty in his order but without affording the employer/carrier an opportunity to be heard. The imposition of the penalty was erroneous because the employer/carrier were denied due process.
The order is reversed for proceedings consistent with this opinion.
LARRY G. SMITH and SHAW, JJ., concur.