McCORD, Judge.
In this workers’ compensation appeal the employer/carrier raises a host of issues, most of which do not merit extended discussion. However, we do agree with the contention that the claimant failed to establish his entitlement to wage-loss benefits under Section 440.15(3)(b)2, Florida Statutes (1979). We also find it appropriate to discuss the deputy’s finding that claimant is entitled to attorney’s fees.
On June 25,1980, the claimant, a 23-year-old male with a high school education and several years of college, suffered an injury to his back and neck as the result of an automobile collision while on company time. He reached maximum medical improvement on November 18, 1980, with a 20% permanent physical impairment of the body as a whole. Upon being released by his physician, he obtained work as a machine operator for two to three months but quit because of his back pain. He subsequently obtained employment as a special agent for an insurance company; however, he was soon fired for being caught sleeping on the job. He then made applications at approximately ten other places of employment, only two of which had jobs actually available.
Upon these facts, we find that the claimant has not met his burden of establishing “that any wage loss claimed is the result of the compensable injury.” § 440.-15(3)(b)2, Fla.Stat. (1979). While claimant is subject to a 20% permanent partial impairment rating, his relative youth and the extent of his educational background dictate a more extensive job search than that undertaken. In fact, his tenure as a special agent for the insurance company suggests quite strongly that he is able to obtain employment despite his compensable injury. Accordingly, we reverse the deputy’s award of wage-loss benefits from August 27, 1981, to October 1, 1981.
Without elaborating upon his reasons for doing so, the deputy found that the claimant was entitled to attorney’s fees. As noted previously, this accident occurred on June 25, 1980. Hence, it is governed by the attorney’s fees provisions of Section 440.34(2), Florida Statutes (1979). Since this case did not involve a claim for medical benefits only and there is no contention that the carrier acted in bad faith, neither Subsection (a) nor (b) of Section 440.34(2) could justify the deputy’s finding. However, Subsection (c) authorizes an attorney’s fee “(i)n a proceeding where a carrier or *287 employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.” One of the employer/carrier’s defenses was that the claimant knowingly misrepresented his physical condition on his employment application, thus precluding an award of benefits. See Martin Company v. Carpenter, 132 So.2d 400 (Fla.1961). This defense was rejected by the deputy, and we affirm his finding. Since this defense has the practical effect of denying that the injury suffered was a com-pensa ble injury, we conclude that attorney’s fees are appropriate pursuant to Section 440.34(2)(c), Florida Statutes (1979).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.