418 So.2d 1138 (1982)
Kenneth SINGLETARY, Appellant,
v.
MANGHAM CONSTRUCTION COMPANY, INC. and Aetna Life & Casualty Company, Appellee.
No. AI-78.
District Court of Appeal of Florida, First District.
August 18, 1982.
Rehearing Denied September 9, 1982.
*1139 Thomas E. Stone, Madison, for appellant.
James N. McConnaughhay of McConnaughhay & Roland, P.A., Tallahassee, for appellee.
MILLS, Judge.
Singletary appeals the deputy commissioner's denial of temporary total disability benefits for aggravation of a prior work-related injury. We reverse.
The issue here is whether Singletary's act of stepping 16 to 18 inches off of a van was sufficient to break the chain of causation from a prior work-related injury.
Singletary was employed by Mangham Construction Company on 23 January 1980 when he was injured on the job. The compensability of this accident was not contested by the employer/carrier. Singletary reached MMI on 1 October 1980, with a rating of 12 percent permanent disability to the body as a whole.
In January of 1981, Singletary stepped out of a van to the ground, a distance of some 16 to 18 inches, and experienced a pain shooting up his leg. He injured the same part of his back that had been injured in the 1980 accident.
The deputy commissioner denied compensation for this subsequent injury on the basis that it was the result of an "identifiable trauma" instead of "normal activities."
The test for compensability for a subsequent injury is whether that injury is the direct and natural result of a compensable primary injury. If the subsequent injury is attributable to claimant's own negligence or fault, the chain of causation is broken. Sosenko v. American Automotive Corp., 156 So.2d 489 (Fla. 1963). In this case, Singletary was not engaged in negligent conduct as was the claimant in Johnnie's Produce Co. v. Benedict & Jordan, 120 So.2d 12 (Fla. 1960). Singletary's activities here were as normal as those of claimant in Manatee Memorial Hospital v. Heiden, 389 So.2d 347 (Fla. 1st DCA 1980), and, therefore, compensable.
Employer/carrier insist on referring to Singletary's "jumping" from the van. There is absolutely no evidence in the record to support such a finding, and the deputy commissioner did not so find in his order.
The deputy commissioner's test for compensability seems to turn on whether some specific, traumatic event has occurred. This is incorrect. In order to break the chain of causation, there must be some intervening negligent or unusual conduct on the part of claimant or some third party. See D'Angelo Plastering Company v. Isaac, 393 So.2d 1066 (Fla. 1980), where the intervening negligence of a third-party tortfeasor was held to have broken the causal chain. There was no such negligent or unusual conduct here.
We reverse the order of the deputy commissioner and remand the cause with instructions that Singletary be awarded temporary total disability benefits for the contested period.
BOOTH and THOMPSON, JJ., concur.

*1140 ON MOTION FOR REHEARING DENIED BUT CLARIFIED
MILLS, Judge.
Appellees' motion for rehearing is denied.
Appellees' motion for clarification is granted and the last paragraph of the Court's opinion dated 18 August 1982 is amended to read as follows:
We reverse the order of the deputy commissioner and remand the cause with instructions that the deputy hold further evidentiary hearings to determine the period and amount of temporary benefits due claimant for the period subsequent to 27 January 1981, if any.
BOOTH and THOMPSON, JJ., concur.
MILLS, Judge.
Speaking for myself and not for the other Judges on this panel or the Court, I feel compelled to address a critical problem that exists in the appellate consideration of workers' compensation cases.
Adhering to precedent is dead in workers' compensation cases. Can it be resurrected? It can. How?
This court must stop complaining about the large number of workers compensation appeals. It is obligated to come up with a solution that does not violate the right of employers, insurance carriers and employees to appeal adverse decisions of deputy commissioners. It is obligated to come up with a solution that does not coerce settlements by employers and insurance carriers by assessing large attorneys fees against them if they fail to settle and lose on appeal.
Increasing the number of judges, increasing the number of law clerks, increasing the number of support personnel, increasing the court's appropriation, are not the answers to the problem. Realigning the territory of the First District Court of Appeal, dividing the workers' compensation jurisdiction between the five district courts, creating a specialized administrative court, will not solve the problem.
It is the writer's opinion that the solution is simple. The court should create a permanent panel of three judges which will handle all of the pending workers' compensation appeals and all of those to be filed with the court. This panel would exist for one year. It would have absolute authority to finally decide all workers' compensation appeals, recede from prior decisions and resolve existing conflicts in the law. Its purpose would be to stabilize the workers' compensation law in Florida and to assure that the constitutional and statutory rights of employers, insurance carriers and employees are equally protected and preserved.
The suggested solution will not only stabilize the law in workers' compensation cases, but it will free nine judges to devote their entire energies to the disposition of criminal, civil, and administrative agency cases.
Although I do not approve of specialized panels, in this instance it is warranted; in fact, it is necessary. Not only will it be a stabilizing force, but the great amount of time it will save the judges in preparing for and attending the rapidly increasing en banc proceedings in workers' compensation appeals alone will make the suggested solution worthwhile.
Workers' compensation is a very important field of the law, if not the most important. It touches more lives than any other field of the law. It involves the payments of huge sums of money. The welfare of human beings, the success of businesses, and the pocketbooks of consumers are affected daily by it.
Is the suggestion worth a try? We can do no less. And it will not cost the taxpayers of Florida one cent.
The workers' compensation litigants, their attorneys, and deputy commissioners are entitled to rely on the law established by this Court. This Court should not change the law from day to day or from panel to panel. This Court should not be required to spend hours and hours resolving real, imaginary, or fanciful intracourt workers' compensation conflicts. This Court can and should resolve the appellate workers' compensation problem today.