418 So.2d 426 (1982)
E.C. GOLDMAN ROOFING and Risk Management Services, Inc., Appellants,
v.
James H. ROGERS, Appellee.
No. AF-467.
District Court of Appeal of Florida, First District.
August 23, 1982.
*427 C.E. Miller of Miller & Cooper, Orlando, for appellants.
Edward H. Hurt of Hurt & Parrish, Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.

ON MOTION FOR REHEARING
JOANOS, Judge.
Having considered the appellee's motion for rehearing, we grant the motion and withdraw the decision and opinion filed June 11, 1982, substituting the following decision and opinion in lieu thereof.
This is an appeal from the deputy commissioner's order awarding claimant wage loss benefits from January 1, 1981, through May 31, 1981, and an attorney's fee. We affirm the award of wage loss benefits. Appellants contend that the rating assigned claimant by Dr. Webb is not a sufficient basis for the award of wage loss benefits because the rating was not based on the American Medical Association Guides to Evaluation of Permanent Impairment. This contention was not raised before the deputy commissioner, thus any error was not preserved for this court's review. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
The deputy erred in awarding claimant an attorney's fee. None of the statutory criteria for an award of fees is present in this case. Appellee contends the fee was properly awarded under either Section 440.34(2)(b) or Section 440.34(2)(c). Section 440.34(2)(b) is clearly inapplicable since the order contains no findings of bad faith; in fact bad faith is not mentioned at all in the order. Neither does Section 440.34(2)(c) apply, under the circumstances of this case, in which TTD benefits were paid from November 14, 1980, up to the date of MMI. "[W]hen an employer/carrier admits an accident and pays some disability benefits but denies others are due, an attorney's fee is not awardable under Section 440.34(2)(c) Florida Statutes (1979)." Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981), Walt Disney World Co. v. May, 397 So.2d 1003 (Fla. 1st DCA 1981), Ardmore Farms v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981). Appellee cites Dolphin Tire Co. v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981) in support of its argument, but Ellison involved a special situation which distinguishes it from the present case. See City of Miami v. Wright, 414 So.2d 24 (Fla. 1st DCA 1982).
The award of wage loss benefits is AFFIRMED. The award of an attorney's fee is REVERSED.
THOMPSON and WIGGINTON, JJ., concur.