WIGGINTON, Judge.
This is a workers’ compensation appeal from the order of the deputy commissioner awarding claimant’s attorney a fee of $12,-500 pursuant to Section 440.34(2)(e), Florida Statutes (1979). We reverse.
Claimant suffered two industrial accidents while employed by the City of Tampa as a bus driver, the first occurring on April 6, 1972, and the second on December 21, 1979. Regarding the first injury, claimant received medical and compensation benefits. Regarding the second, claimant received compensation benefits, voluntarily paid by the employer/carrier (E/C), beginning on December 22, 1979.
In March, 1980, the E/C received medical reports from claimant’s orthopedic physician and neurosurgeon finding that claimant’s back had stabilized and was “at the state it was prior to the [1979] accident,” facilitating his return “to gainful employment without limitation.” Consequently, compensation for that accident was suspended on March 28.
Unfortunately, on May 26, 1980, claimant was hospitalized for a laminectomy as a result of the 1979 accident. However, although immediately upon his release, on June 5, he was paid temporary total disability benefits, those benefits were in the amount of $112, the 1972 compensation rate. Claimant immediately contacted his attorney, who contacted the E/C concern *382 ing the error. The E/C denied that claimant’s present disability was caused by the 1979 accident. The attorney filed a claim the following day.
Eleven days later, claimant received a letter from the employer acknowledging the error and apologizing for the “inconvenience.” On June 17, 1980, the E/C issued a check for the deficiency, and continued payment of benefits in the proper amount of $297.42, based on the 1979 compensation rate.
There were no hearings on any substantive issue of compensability, but only as to entitlement and amount of attorney’s fees. The first hearing, held on February 19, 1982, addressed the issue whether the employer was responsible for the payment of claimant’s attorney’s fees in accordance with the provisions of either Section 440.-34(2)(b) or (2)(c). The deputy commissioner held the E/C to be liable for the fee under 440.34(2)(c), because the E/C had “controverted” the compensability of the 1979 accident by suspending payment of benefits. Although the “bad faith” issue was raised, the deputy expressly declined to rule thereon, holding that in light of his finding on the issue of 440.34(2)(c), any arguments under 440.34(2)(b) were mooted. In a subsequent hearing, the deputy ordered the E/C to pay claimant’s attorney a fee in the amount of $12,500.
We agree with the E/C’s contention and hold that at no time did they deny that an injury occurred for which compensation benefits were payable. Obviously, no hearing was held to determine compensability of the 1979 accident at which claimant prevailed. At all times, claimant was receiving from the E/C benefits, whether for the 1972 or the 1979 injury. The record indicates only that the E/C ceased paying the 1979 benefits when they received the medical reports indicating that claimant was no longer suffering from the 1979 accident, and reasonably concluded, albeit mistakenly, that claimant had reverted to his 1972 condition; but the record also indicates that the E/C immediately resumed payment of benefits upon claimant’s release from the hospital, although at the lesser rate. “When an employer/carrier admits an accident and pays some disability benefits but denies others are due, an attorney’s fee is not awardable under Section 440.34(2)(c), Florida Statutes (1979). Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981).” Walt Disney World Company v. May, 397 So.2d 1003 (Fla. 1st DCA 1981). Sears Termite & Pest Control v. Reeves, 417 So.2d 285 (Fla. 1st DCA 1982), cited by claimant is distinguishable. It involved a Martin v. Carpenter, 132 So.2d 400 (Fla.1961), defense which has the practical effect of denying that the injury suffered was a compensable injury. 417 So.2d at 287.
Accordingly, the deputy commissioner’s award of an attorney’s fee pursuant to Section 440.34(2)(c) is reversed; however, we do so without prejudice to the claimant to pursue a similar award under Section 440.-34(2)(b), as that issue was never determined by the deputy commissioner.
Because of our holding herein, we need not reach the E/C’s remaining arguments questioning the excessiveness of the award.
BOOTH and NIMMONS, JJ., concur.