435 So.2d 931 (1983)
GREAT DANE TRAILERS and Jones, Hill & Mercer, Appellants,
v.
Langene FLIS, Appellee.
No. AP-483.
District Court of Appeal of Florida, First District.
July 29, 1983.
B.C. Pyle of Whittaker, Pyle, Stump & Webster, P.A., Orlando, for appellants.
Herbert H. Hall, Jr., and Ronald J. Langa of Maher, Overchuck, Langa, Cate, Lobb & Webb, Orlando, for appellee.
ROBERT P. SMITH, Jr., Judge.
In October 1980, while lifting the heavy fork of his employer's forklift in the course of his employment, this claimant, then aged 62, injured his back. The employer and carrier recognized that claimant's back injury arose out of and in the course of his employment, § 440.09(1), Fla. Stat. (1980 Supp.), and began paying benefits *932 appropriate for that injury and claimant's resulting disability. Several months later, while still to some extent disabled from his back injury, claimant sustained a myocardial infarction or heart attack. He claimed and the carrier denied that this was an additional injury caused by claimant's industrial accident, and the deputy after hearing found that claimant's heart attack "was a direct and natural result of the Claimant's prior compensable low back injury, and therefore, the heart attack is causally related to the back injury, and is therefore compensable." That finding is based on substantial competent evidence, including medical opinion, that claimant's heart attack was brought on in part by "disabling" and "unbearable" back and leg pain, unremitting and unresponsive to medication, and concomitant anxiety. Claimant's heart injury having thus been causally connected to his identifiable accident in October 1980, there is no requirement that the heart injury also be shown to have resulted from a strain or exertion unusual to the duties of claimant's employment. Popiel v. Broward County School Board, 432 So.2d 1374 (Fla. 1st DCA 1983).
The more significant issue before us is that of the carrier's liability for attorneys' fees payable to claimant's counsel, as awarded by the deputy. Section 440.34(3)(c) provides: "In a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability," the claimant "shall be entitled to recover a reasonable attorney's fee from a carrier or employer... ."
The employer and carrier indisputably denied that claimant's heart injury was one "for which compensation benefits are payable," § 440.34(3)(c). The question, therefore, is whether the employer and carrier are excused from paying an attorney's fee because they recognized that claimant sustained some compensable injury in the industrial accident of October 1980, and did pay benefits appropriate to claimant's back injury before the associated heart injury occurred. We hold that the employer and carrier, unsuccessfully denying compensability for the heart attack, have indeed "denie[d] that an injury," this injury, "occurred for which compensation benefits are payable," and that an attorney's fee was properly awarded.
Dolphin Tire Company v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981), awarded a fee when the carrier accepted as compensable a certain injury to claimant's body but unsuccessfully denied that the injury was of the catastrophic sort for which special benefits are payable, § 440.15(2)(b). That decision might arguably be confined by analysis giving importance to the legislature's special classification of catastrophic injuries and enhanced benefits for such injuries. We decline to read Dolphin so narrowly; when Dolphin held in effect that an attorney's fee award is not prevented by the carrier's recognition of a compensable injury-producing event, such as the forklift episode in this case, the court held that the carrier incurs a fee obligation by unsuccessfully denying the compensability of any bodily injury, such as this heart injury, which is found on substantial competent evidence to be compensable under chapter 440.
Our decision rests both upon the language of section 440.34(3)(c) and upon its evident purpose.
The words of the statute impose an attorney's fee obligation on the carrier if it "denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability." Nothing in this language compels a construction that would limit the term "injury" to the accident-event itself, or to the discrete bodily part that was immediately and obviously "injured." The statute does not limit fee awards to "a proceeding where a carrier or employer denies that [any] injury occurred for which compensation benefits are payable... ." Nor can we discern any justification for construing section 440.34(3)(c) as though it were cast so narrowly. See Dolphin, 402 So.2d at 37:
[W]e note that the Workers' Compensation Act (Chapter 440, Florida Statutes) *933 is remedial legislation and is intended to be liberally construed in such a manner as to effectuate the purpose for which it was enacted. Gillespie v. Anderson, 123 So.2d 458 (Fla. 1960); Great American Indemnity Co. v. Williams, 85 So.2d 619 (Fla. 1956). The general tenor of the Act is that the employee shall receive the benefits to which he is entitled with reasonable promptness, consistent with the employer's right to make a reasonable investigation. Thompson v. W.T. Edwards Tuberculosis Hospital, 164 So.2d 13 (Fla. 1964)... . Additionally, contrary to the usual construction given to statutory provisions changing the common law, statutory provisions concerning attorney's fees in workers' compensation proceedings have received liberal construction. City of Miami Beach v. Schiffman, 144 So.2d 799 (Fla. 1962).
Dolphin's references to the purposes of chapter 440, and to interpretations appropriate to those purposes, serve as well in this case. Though revisions to chapter 440 by the 1979 Legislature are said to have been intended to deter attorney involvement on the part of the claimants, that deterrence is to be accomplished by enhancing the self-executing character of the Act, placing the initiative with the employer and carrier, and so dispensing with the need for claimants' attorneys in the scheme for securing just compensation to injured workers. Obviously, demonstrating the compensability of his heart injury was far beyond the competence of this injured worker, and the employer and carrier were content enough to deny it categorically. But the deputy and we have rejected the categorical denial and have found that in claimant's heart attack "an injury occurred for which compensation benefits are payable." Since we may be sure that the fact of compensability would never have been demonstrated without the intervention of an attorney in claimant's behalf, the purpose of securing claimant deserved benefits under chapter 440 compels our choice of the more liberal, rather than the more restrictive, interpretation of section 440.34(3)(c).
There is no other error in the deputy's order. AFFIRMED.
SHIVERS and NIMMONS, JJ., concur.