471 So.2d 635 (1985)
Kenneth SINGLETARY, Appellant,
v.
MANGHAM CONSTRUCTION CO., INC., and Aetna Life & Casualty Company, Appellees.
No. BC-10.
District Court of Appeal of Florida, First District.
June 25, 1985.
Thomas E. Stone, Madison, for appellant.
James N. McConnaughhay, Tallahassee, for appellees.
*636 ZEHMER, Judge.
Claimant has appealed the deputy commissioner's order denying payment of attorney's fees under section 440.34(2)(c), Florida Statutes (1979). Finding that the deputy commissioner has failed to apply the proper rule of law to the facts of this case, we reverse.
Claimant, Kenneth Singletary, was injured January 23, 1980, in a compensable accident, and the carrier paid both disability and medical benefits. Claimant reached maximum medical improvement October 1, 1980. In January 1981 claimant sustained an injury as he stepped from a van. As a result; he filed a claim for additional benefits on the ground that his new symptoms were causally related to the original 1980 compensable injury. Appellants controverted compensability of this injury, and the deputy commissioner held that this occurrence and injury were the result of an intervening act and not causally related to the original accident. Claimant appealed, and this court reversed with directions to find compensability and to award temporary total disability benefits after January 27, 1981. Singletary v. Mangham Construction Co., 418 So.2d 1138 (Fla. 1st DCA 1982).
Claimant then requested payment of his attorney's fees for securing benefits incident to the 1981 episode on the ground that the employer and carrier had unsuccessfully controverted the compensability of the injury in January 1981. § 440.34(2)(c), Fla. Stat. (1979).[1] Denying the claim, the deputy commissioner held:
Prior to January 27, 1981, benefits had been paid by the employer/carrier including temporary total and medical. The benefits for the claimed period of disability had been denied by the employer/carrier based on the fact that there had been a subsequent intervening act that was causing the claimant's disability, that the claimant was not temporarily and totally disabled, and that temporary total benefits could not be awarded after maximum medical improvement. Based upon this, I found that the employer/carrier's actions in regard to defending the claim for benefits for the period January 27, 1981, to October 22, 1982, did not constitute the denial of compensability which could form the basis of an award of attorney's fees against the employer/carrier. Walt Disney World Company v. May, 397 So.2d 1003 (Fla. 1st DCA 1981); City of Tampa v. Kopkau, 429 So.2d 381 (Fla. 1st DCA 1983); Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981).
On the prior appeal, we held that claimant's January 1981 injury did not result from "some intervening negligent or unusual conduct on the part of claimant" sufficient to break the chain of causation to the original accident in 1980. 418 So.2d at 1139. That decision settled once and for all that the January 1981 incident gave rise to a compensable injury, contrary to the employer and carrier's alleged defense that claimant's "medical problems were related to a non-compensable accident occurring subsequent to the accident in this case." Therefore, claimant was entitled to an award of attorney's fees because the employer and carrier had unsuccessfully controverted compensability. Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983); Dolphin Tire Co. v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981).
The three cases cited in the deputy commissioner's order are materially distinguishable. In Walt Disney World Co. v. May, 397 So.2d 1003 (Fla. 1st DCA 1981), the employer and carrier admitted the injury and paid some benefits, but denied that certain wage-loss benefits were due. In City of Tampa v. Kopkau, 429 So.2d 381 (Fla. 1st DCA 1983), after having sustained two prior accidents, one in 1972 and the other in 1979, claimant was hospitalized in 1980 for an operation as a result of the 1979 accident. The employer and carrier *637 admitted compensability of the hospitalization, but began paying benefits on the basis of the first injury. Claimant contended the accident was related to the second injury, not the first, and within eleven days the employer and carrier acknowledged their error and commenced paying appropriate benefits. There were no hearings on any subsequent issue of compensability. In Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981), the employer and carrier paid some benefits and did not deny that claimant was suffering from a compensable injury; it controverted only claimant's right to receive temporary total disability benefits after the date on which, according to one of the physicians, claimant was able to return to work.
We reverse and remand with directions to enter an appropriate order awarding attorney's fees to claimant.
REVERSED and REMANDED.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] That section provides that a claimant shall be entitled to an attorney's fee "in a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable and the claimant prevails on the issue of compensability."