472 So.2d 1309 (1985)
HILLSBOROUGH COUNTY SCHOOL BOARD and Insurance Company of North America,
v.
John HILBURN, Appellee.
No. BC-336.
District Court of Appeal of Florida, First District.
July 16, 1985.
Frank A. May of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Joseph L. Thury of Antinori & Thury, P.A., Tampa, for appellee.
ZEHMER, Judge.
On this workers' compensation appeal, the employer and carrier contend that the deputy commissioner erred in awarding temporary partial disability benefits and attorney's fees. We affirm the award of temporary partial disability benefits because the record contains competent, substantial evidence to support the deputy's findings. We reverse the award of attorney's fees for the reasons hereinafter discussed.
On January 28, 1980, while employed as a painter, claimant fell from a scaffold and suffered a compression fracture of the first lumbar vertebra, an aggravation of a spondylolysis of the sixth and seventh cervical vertebrae and the first dorsal vertebra, and an injury to his coccyx (tailbone). Claimant was off work for the next ten months, and on May 27, 1981, claimant's orthopedic surgeon, Dr. Keller, released claimant to light-duty work. Soon thereafter the employer notified claimant that he would have to get two medical releases stating he could go back to full-duty work or he would be terminated from his job. Dr. Keller refused to give such releases; therefore, claimant sought and secured them from Dr. Callahan, an orthopedic surgeon, and Dr. Szabo, a psychiatrist. In July 1981 claimant returned to full-duty status with the employer. At this point there had been no determination of claimant's date of maximum medical improvement.
Between July 1981 and May 16, 1983, claimant continued his full-duty work, although he was taking daily pain medication, using a rubber donut to sit on because of his tailbone injury, and using a TENS (transcutaneous electrical nerve stimulator) unit for his back injury. On March 16, 1983, claimant was involved in a nonwork-related automobile accident and taken to the hospital emergency room, where he was treated for a "cervical strain." X rays taken at that time revealed basically the same condition as existed at *1310 the time of claimant's industrial accident. Claimant was off work for about eight to ten days following the automobile accident. Between March 16 and October 27, 1983, claimant's physical and mental condition worsened, and on October 27 claimant was given a choice by the employer to either resign or be fired. Claimant resigned.
Following his resignation, claimant began an active job search and filed for temporary partial disability benefits and future medical treatment. On May 7, 1984, Dr. Callahan concluded that claimant's permanent physical impairment related to his lumbar spine injury was seven percent, and his permanent impairment related to his cervical spine injury was ten percent. No maximum medical improvement date was established.
The employer and carrier defended the claim by arguing that claimant's automobile accident was an independent intervening cause that broke the chain of causation between his industrial accident and his subsequent physical and mental conditions which necessitated his resignation. On September 5, 1984, the deputy entered an extensive order reviewing the evidence and awarding temporary partial disability benefits to claimant. The deputy found that claimant's seven percent permanent impairment of his lumbar spine was related solely to his industrial accident. The deputy concluded that part of claimant's ten percent impairment of his cervical spine and part of his psychiatric impairment were related to his industrial accident and part were due to the automobile accident. The deputy further awarded to claimant, based on a proration between the compensable industrial injuries and the noncompensable injuries from the automobile accident, fifty percent of the expenses of a rheumatologist and fifty percent of the expenses of a psychiatrist.[1] Finally, the deputy commissioner awarded claimant attorney's fees based upon a finding that the employer and carrier unsuccessfully denied that an injury for which compensation benefits were payable had occurred. § 440.34(2)(c), Fla. Stat. (1979). The employer and carrier bring this appeal.
The deputy erred in awarding attorney's fees under subsection 440.34(2)(c) on the ground that the employer and carrier had unsuccessfully denied that a compensable injury occurred. The employer and carrier had previously recognized the compensable accident of January 1980 and had paid benefits due on account of the injury sustained in that accident. Claimant had not reached maximum medical improvement from the industrial accident at the time he was involved in the noncompensable automobile accident. The employer and carrier defended the claim for further benefits on the ground that it was not responsible for the automobile accident and that all the present complaints by claimant were due to that accident. The deputy found otherwise, and awarded temporary partial disability benefits on account of the prior compensable accident and awarded fifty percent of the cost of specified medical care because of the prior industrial accident. The deputy attributed the remaining fifty percent of medical costs to the noncompensable automobile accident. Pursuant to our decisions in Walt Disney World Co. v. May, 397 So.2d 1003 (Fla. 1st DCA 1981), and Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981), attorney's fees were not awardable to claimant under subsection (2)(c) because the employer and carrier were not denying compensability of the claimant's 1980 industrial accident and resulting injury, but only controverting claimant's right to additional wage-loss benefits which they contended were attributable to another noncompensable cause.
This case is distinguishable from Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983), Dolphin Tire Co. v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981), and Singletary v. Mangham Construction Co., 471 So.2d 635 (Fla. 1st DCA 1985). In Great Dane the claimant suffered a back injury in October 1980 and then suffered a heart attack several months later. The *1311 deputy found the heart attack was a direct and natural result of the industrial accident and resulting injuries, and we affirmed, noting that the evidence in the record showed claimant's heart attack was "brought on in part by `disabling' and `unbearable' back and leg pain, unremitting and unresponsive to medication, and concomittant anxiety." 435 So.2d at 932. We likewise affirmed the award of attorney's fees under subsection (2)(c) because "the employer and carrier, unsuccessfully denying compensability for the heart attack, have indeed `denie[d] that an injury,' this injury `occurred for which compensation benefits are payable,' and ... an attorney's fee was properly awarded." Id. In Great Dane we declined to read Dolphin Tire Co. v. Ellison, 402 So.2d 36, narrowly, stating:
When Dolphin held in effect that an attorney's fee award is not prevented by the carrier's recognition of a compensable injury-producing event, such as the forklift episode in this case, the court held that the carrier incurs a fee obligation by unsuccessfully denying the compensability of any bodily injury, such as this heart injury, which is found on substantial competent evidence to be compensable under chapter 440.
435 So.2d at 932.
In Dolphin the claimant had suffered an industrial accident and claimed catastrophic loss benefits based on damage to his central nervous system. The employer and carrier admitted that a compensable injury had occurred, but argued there was no damage to claimant's central nervous system that would qualify as a catastrophic loss. The deputy found to the contrary, and we affirmed this finding on appeal. We likewise affirmed the award of attorney's fees under subsection (2)(c), reasoning that although the employer and carrier had admitted the occurrence of a compensable injury they had in fact denied a compensable injury to claimant's central nervous system. We stated further:
Our holding should not be construed to authorize an attorney's fee where the only issue is over the average weekly wage or some other incidental benefit where the carrier does not deny that an injury occurred for which benefits are payable and the claimant is not forced to prove his injury and entitlement to compensation.
402 So.2d at 37. Both Great Dane and Dolphin are clearly distinguishable from the instant case because each involved a denial of compensability of a second or distinct injury to a different portion of the body which was found by the deputy to be compensable. In the instant case, the deputy merely awarded additional benefits on account of the compensable injury by factually carving out that portion of claimant's complaints attributable to the subsequent automobile accident.
Discussion of our recent opinion in Singletary v. Mangham Construction Co., 471 So.2d 635 (Fla. 1st DCA 1985), is also in order. In that case claimant suffered a compensable injury to his knee in 1980. In 1981, as he stepped down approximately eighteen inches from a van, he reinjured his knee. The employer and carrier controverted the compensability of the second injury, arguing that claimant's actions in stepping from the van constituted an unusual event or conduct and, thus, constituted an intervening cause sufficient to cut off the relationship between claimant's complaints and the prior compensable injury. The deputy agreed with the employer and carrier, but on appeal we reversed, holding that the 1981 episode was neither a negligent act on claimant's part nor an intervening act. We remanded with directions to find compensability and award temporary total disability benefits. Singletary v. Mangham Construction Co., 418 So.2d 1138 (Fla. 1st DCA 1982). On remand Singletary requested payment of his attorney's fees and the deputy denied the claim, holding that the employer and carrier had not denied the compensability of claimant's original injury in 1980 and, therefore, claimant was not entitled to attorney's *1312 fees under subsection (2)(c). We reversed and held that claimant was entitled to attorney's fees because the second injury suffered by him was attributable to the original 1980 injury and the employer and carrier had unsuccessfully denied compensability of that injury. We specifically relied on Great Dane and Dolphin, discussed above.
Our opinion in Singletary is materially distinguishable from the instant case because in Singletary, as in Great Dane, the claimant's second injury was attributable to his first compensable injury and did not result from an intervening act that cut off the chain of causation. In the instant case, on the other hand, claimant's automobile accident was an intervening cause responsible for a portion of claimant's complaints requiring medical care. The deputy found that the wage-loss claim was properly based on complaints deriving from the original compensable accident and was not affected by the subsequent accident. Hence, it cannot be said that in the instant case the employer and carrier unsuccessfully denied compensability of a second injury in the sense involved in Singletary.
Claimant's brief does not effectively controvert appellants' argument on this point; rather, claimant's brief asserts that attorney's fees are sustainable under the bad faith standard discussed in Florida Erection Services v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981). This argument is not pertinent on this appeal since the deputy did not consider the issue of bad faith.
The award of temporary partial disability benefits is affirmed. The award of attorney's fees is reversed without prejudice to further consideration by the deputy of an award of attorney's fees based on a claim of bad faith.
AFFIRMED in part and REVERSED in part.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] This apportionment has not been questioned on appeal.