474 So.2d 4 (1985)
FARM STORES, INC. and Professional Administrators, Inc., Appellants,
v.
Charles T. HARVEY and the Division of Workers' Compensation, Appellees.
No. BC-169.
District Court of Appeal of Florida, First District.
July 26, 1985.
Rehearing Denied September 4, 1985.
Robert H. Gregory, Miami, for appellants.
Jerold Feuer, Miami, for appellees.
WENTWORTH, Judge.
The appellant employer in this workers' compensation case contends that, in awarding permanent total benefits for psychiatric disability, the deputy erred (1) in admitting a psychologist's testimony on medical issues, citing §§ 440.13(3)(d) and 440.02(22), Florida Statutes; (2) in prematurely making *5 the award without expert evidence of maximum orthopedic improvement and while simultaneously awarding psychiatric treatment "as the nature of Claimant's condition and the process of its recovery or palliation require in the manner and for the time provided by law;" (3) in finding permanent total disability, excusing work search, and finding claimant is not a candidate for rehabilitation, based on psychiatric evidence which appellant contends is not competent, substantial, or medically demonstrable; and (4) in awarding an attorney's fee pursuant to § 440.34(3), Florida Statutes, when claimant had continued to receive temporary total disability benefits.
We find no merit in arguments as to (2) and (3) because the award rests on competent medical evidence of total and permanent psychiatric and neurological disability; the record does not support appellant's claim of error in the deputy's conclusion that claimant is not disabled, temporarily or permanently, for orthopedic reasons; and the award of medical in the statutory terms does not in this case contradict the finding of MMI because the evidence as to the requested medical care does not show a probability or expectation of recovery. Because the award is adequately supported by evidence other than that to which the first above stated question is directed, we need not resolve that issue.
The remaining controversy relates to the award of attorney's fees because "the Employer/carrier denied the occurrence of injuries for which compensation is payable under Section 440.34(3)(c)," Florida Statutes (e.s.) We conclude that the award is supported by the rationale of Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983), holding the statutory reference to denial "that an injury occurred" permits a fee when employer/carrier admits compensability of certain injuries from an accident but denies the causal relation of another injury, i.e., a heart attack occurring months after a back injury in that case. That decision requires that we narrowly construe the earlier ruling in Pantry Pride v. Carter, 413 So.2d 865 (Fla. 1st DCA 1982), denying a fee for contesting "entitlement to psychiatric care." That claim was characterized as one "for a benefit incidental to the injury," 413 So.2d 658. The denial of the claim was therefore merely a denial of the need for the claimed care and not a denial that the psychiatric injury was caused by the accident, leaving open the potential for a fee in the latter instance. Similarly, the recent decision in Wackenhut Corp. v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985), denies a fee because employer/carrier simply "denied that claimant suffered brain damage" and denied a specific psychiatric authorization "but offered two other psychiatrists." 464 So.2d 218. On those facts, recited in the opinion, the denial was logically treated as a permissible contest of the specific nature and scope of psychiatric injury, and not a denial of compensability or causal relation of such injury which would warrant a fee upon adjudication of its compensability.
In contrast, the pre-trial stipulation in the present case plainly stated that employer/carrier denies any "compensable psychiatric condition ... The psychiatric condition is not causal [sic] related to D/A 7/29/82." Cf., Singletary v. Mangham Construction Co., 471 So.2d 635 (Fla. 1st DCA 1985).
Affirmed.
NIMMONS and ZEHMER, JJ., concur.