506 So.2d 1122 (1987)
TEITELBAUM CONCRETE, and Crawford & Company, Appellants,
v.
Mark SANDELIER, Appellee.
No. BO-116.
District Court of Appeal of Florida, First District.
May 6, 1987.
*1123 Anthony J. Beisler, III, Ft. Lauderdale, for appellants.
C. Randal Morcroft, Margate, for appellee.
NIMMONS, Judge.
The employer/carrier (e/c) appeals from an order awarding TTD and TPD benefits, requiring payment of medical bills and the furnishing of medical services, and determining that the claimant is entitled to recover a reasonable attorney's fee from the e/c. We affirm in part and reverse in part.
*1124 In June 1985, claimant injured his back while lifting heavy beams. The e/c provided medical care and paid temporary total disability benefits until October, 1985 when the e/c deauthorized claimant's treating physician and authorized another who found that claimant had reached MMI with no permanent impairment. All benefits were discontinued. Claimant continued to experience problems and sought unauthorized treatment. He filed a claim for additional benefits including TTD or TPD, reauthorization of his treating physician, reimbursement for unauthorized medical services, and attorney's fees.
At the hearing the e/c stipulated that the claimant had sustained a compensable injury on June 5, 1985. The e/c took the position that by October 1985, the claimant had sufficiently recovered to the point that he had reached MMI with no permanent impairment and that whatever residual problems the claimant may have continued to experience were not attributable to the subject accident but to a previous accident in 1984. The e/c asserted that by October, 1985, the claimant had recovered to the point that his back was in the same condition that it was in prior to the June 5, 1985 accident.
The deputy commissioner found that the accident of June 1985 aggravated claimant's back condition, and that claimant was still temporarily and totally disabled, awarding the benefits mentioned above.
First, we note that the e/c is entitled to a remand on the issue of the amount of medical reimbursement as the claimant failed to introduce any medical bills from his improperly deauthorized physician. American Grinding & Equipment v. Rodman, 411 So.2d 917 (Fla. 1st DCA 1982); Station Managers, Inc. v. Grover, 471 So.2d 118 (Fla. 1st DCA 1985).
Next, we agree with the e/c that the deputy erred in awarding an attorney's fee in the present case. Since the deputy did not state his grounds for awarding a fee, we must examine the various available statutory grounds. Under Section 440.34(3), Florida Statutes, a claimant is entitled to an order requiring the e/c to pay claimant's attorney fee if: (1) the claimant successfully asserts a claim for medical benefits only; (2) the deputy finds that the e/c has acted in bad faith in handling a claim resulting in economic loss to claimant; or (3) the e/c has denied that an injury occurred for which compensation benefits are payable.
In the instant case, the first two grounds for awarding an attorney's fee are inappropriate since the claim was clearly for more than medical benefits alone and since no bad faith was pled and none was found by the deputy. Neither is the third ground available. The e/c accepted the accident as compensable and voluntarily paid benefits until such time as it considered claimant to have reached MMI with no permanent impairment. We believe the circumstances in the instant case are materially distinguishable from those in Dolphin Tire Company v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981), a case in which this Court approved the award of a fee under the subject statutory section where the employer/carrier denied that the claimant sustained a catastrophic injury (under F.S. 440.15(2)(b)) although admitting that a noncatastrophic compensable injury had occurred. Nor is this a situation in which the e/c admits the existence of one injury but denies the existence of a second injury arising from the same accident. See Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983) (fee approved where e/c, although accepting claimant's back injury as compensable, denied compensability of heart attack occurring several months later); Farm Stores, Inc. v. Harvey, 474 So.2d 4 (Fla. 1st DCA 1985) (fee approved where e/c, although accepting claimant's orthopedic injury as compensable, denied compensability of psychiatric condition as not causally related to the accident) (compare Pantry Pride v. Carter, 413 So.2d 865 (Fla. 1st DCA 1982).
The instant case is closer to Wackenhut Corp. v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985), in which the e/c contested the extent of the injury. There, the e/c denied that claimant suffered brain damage or *1125 that claimant had reached MMI. In the instant case, the e/c took the position that claimant had reached MMI with no permanent impairment resulting from the accident. This situation does not entitle the claimant to have his attorney's fee paid by the carrier.
We also reject the argument that since the e/c introduced some evidence which tended to show that no accident occurred in June 1985, the e/c denied the existence of the injury. The record is clear that the e/c's position was that MMI had been reached and not that no injury had occurred. We will not speculate on the relevancy or intent of the complained of evidence where the existence of the injury was never in issue and where the evidence was not objected to as irrelevant.
We have examined the remaining points urged by appellant and find them to be without merit. The order appealed is AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, C.J., and JOANOS, J., concur.