WENTWORTH, Judge.
The employer and carrier seek review of an order awarding claimant temporary partial and permanent total disability, and an attorney’s fee. We affirm all provisions of the order except the award of an attorney’s fee to claimant.
Claimant, a 28-year old woman with a mental handicap, was employed folding linens in the laundry of the Sandestin Beach Resort when she injured her lower back in June 1986. After receiving treatment for some time, she was released to light duty work near the end of 1986. Although claimant was subsequently released to work without any restrictions in January 1987, her condition worsened, and by September 1988 she was once again restricted to sedentary duty that did not require her to stoop, squat, or bend, or to lift more than ten pounds. She reached maximum medical improvement from her injury in *99 1989, with a 3% permanent impairment rating. As of the date of her hearing in January 1990, claimant continued under the same employment restrictions imposed on her in 1988.
Since claimant was first released to light duty in 1986, she has been largely unsuccessful in obtaining employment of any kind. Although she returned to work for Sandestin after her injury, her employment was terminated shortly thereafter when the resort contracted for private laundry services. After that, claimant worked for two weeks as a maid and then for a short time in the kitchen of a restaurant owned by a relative, but continued to suffer back pain and eventually left that job. Since then, her back has continued to bother her, and although she applied for work at two fast food outlets, she has been unsuccessful in securing a job.
In finding claimant permanently totally disabled, the judge of compensation claims (JCC) noted that if claimant’s permanent physical impairment alone is considered she is not significantly disabled, but the resulting work restrictions, in light of her pre-ex-isting mental handicap, combine to create in her a “most significant disability.” He noted specifically that because of her mental disability claimant is “by and large un-trainable” to do most light work except “the most rudimentary jobs requiring simple manual labor,” and that many of these jobs are now precluded by the work restrictions imposed on her by her physician.
According to the psychologist at the special school attended by claimant as a child, claimant’s diminished level of intelligence precludes her from capably performing any task requiring “higher intellectual functioning” such as those required of a cashier or an attendant at a gas station. This witness opined that claimant’s mental handicap leaves her best suited for employment in a “sheltered” environment involving the kind of manual labor found in horticulture or cleaning jobs. Claimant’s work history supports this conclusion; she has worked, since finishing secondary school at age 22, only as a dishwasher, cook's helper, or laundry maid at a hotel.
Thus, claimant’s mental capacity limits her to the kind of menial jobs which she has performed in the past, but which she is no longer capable of performing because of her physical limitations. Under the unique circumstances of this case, we find competent, substantial evidence to support the finding that claimant is not capable of performing even light duty work uninterruptedly and is permanently, totally disabled. See s. 440.15(l)(b), Florida Statutes; Roose & Griffin Landscape Contractors v. Weiss, 558 So.2d 102 (Fla. 1st DCA 1990).
We also find no error with the award to claimant of temporary partial disability benefits. The employer and carrier assert that because entitlement to such benefits was not specifically noted in the pretrial questionnaire filed shortly before final hearing, the JCC was precluded from awarding them. We find that no deprivation of due process was suffered by the employer and carrier because of this omission, given the fact that the employer and carrier were on notice by the filing of the original claim months before final hearing that temporary partial disability benefits were being claimed. This provided ample opportunity for preparation of defense on this issue, the need for which was not explicitly negated by the stipulated statement at time of trial.
As to the final point on appeal, we find no statutory predicate for the award of an attorney’s fee to claimant. Section 440.34(3)(c), Florida Statutes provides that a claimant is entitled to a reasonable attorney’s fee in a proceeding in which the employer and carrier deny that an injury has occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability. The employer and carrier here did not deny that the injury suffered by claimant was compensable, and contrary to the finding in the order here they paid claimant disability benefits for a period after the accident. Although the employer and carrier ultimately controverted the payment of further benefits to claimant, the order does not find bad faith by employer/carrier and the compensability of the accident was not challenged. We *100 therefore reverse that provision of the order. Teitelbaum Concrete v. Sandelier, 506 So.2d 1122 (Fla. 1st DCA 1987).
Affirmed in part and reversed in part.
JOANOS and ALLEN, JJ., concur.