WIGGINTON, Judge.
The order of the judge of compensation claims is AFFIRMED. The judge did not err when he awarded claimant attorney’s fees on the basis that the employer/carrier controverted the compensability of the industrial accident. As pointed out by claimant, this court’s decision in Farm Stores, Inc. v. Harvey, 474 So.2d 4 (Fla. 1st DCA 1985), narrowly construed the decisions in Wackenhut Corporation v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985) and Pantry Pride v. Carter, 413 So.2d 865 (Fla. 1st DCA 1982), wherein fees were denied. Instead, we concluded that the award of fees in Harvey was supported by the rationale of an earlier decision in Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983), wherein fees were awarded when the employer/carrier accepted compensability of the initial injury but denied the compens-ability of a later heart attack held to be causally related to the industrial injury. A similar situation exists in the instant case. Although the employer/carrier accepted compensability of claimant’s initial foot injury, they specifically denied any injury by way of the accident’s acceleration of a preexisting spinal cyst, and therefore denied that claimant’s subsequent paraplegia was causally related to the accident. In essence, as did the employer/carrier in Flis, the employer/carrier here have assumed the position of denying the occurrence of an injury for which compensation is payable, thereby entitling claimant to a fee under section 440.34(3)(c), Florida Statutes (1987).
AFFIRMED.
SMITH, J., and WENTWORTH, Senior Judge, concur.