BENTON, J.
Florida Hospital appeals the order awarding attorney’s fees to Desiree Taylor, now known as Desiree Boen, under section 440.34(3)(c), Florida Statutes (1997). Florida Hospital contends that it does not owe attorney’s fees because it originally accepted her knee injury as com-pensable. But later Florida Hospital alleged that she suffered another accident in the course of other employment, and attributed her injury thereafter to that accident. By raising this defense, Florida Hospital placed at issue the compensability of the injury, an issue on which Ms. Boen *602 ultimately prevailed. Accordingly, we affirm.
While working for Florida Hospital on May 16, 1998, Ms. Boen injured her left knee as she stepped out of an ambulance. Florida Hospital accepted the injury as compensable and paid certain benefits. Disagreements between the parties led, however, to a petition for benefits dated August 20, 1998, seeking a determination of average weekly wage, temporary disability benefits, and authorization for physical therapy. Florida Hospital filed a notice of denial alleging that no benefits were due and that maximum medical improvement had been reached with no permanent impairment.
On or about October 21, 1998, while working for another employer, Ms. Boen aggravated or reinjured her left knee. In an amended notice of denial, Florida Hospital again alleged that Ms. Boen’s left knee injury was not compensable, and specifically averred:
1.) Any loss of earnings are related to new accident.
2.) Any medical treatment is related to new accident.
3.) Major contributing cause of [Ms. Boen’s] current complaints and or problems are related to work activities at Walt Disney World.
Florida Hospital also raised as defenses in the pretrial stipulation: “Any medical treatment related to new accident; and major contributing cause of current problems i[s] work/job a[t new employer] and subsequent accident.”
At the merits hearing, when counsel withdrew all pending claims except the claim for physical therapy, the judge of compensation claims inquired of Florida Hospital’s counsel:
Judge Thompson: So, at one point, you all had authorized, but your position here today is that, [the physical therapy is] no longer authorized because her current need, # 1, there is none, and if there is, it’s not related to this accident?
Ms. Cox: Correct.
Judge Thompson: Okay. So, you’re saying that her current condition is no longer related to your injury?
Ms. Cox: Correct.
On October 19, 1999, the judge of compensation claims entered a non-final order concluding that the compensable accident of May 16, 1998, was the major contributing cause of Ms. Boen’s knee problem, and ordering a medical evaluation.
The final compensation order reiterated the earlier determination that the accident in disembarking from the ambulance was the major contributing cause of Ms. Boen’s knee condition. Florida Hospital has not questioned this determination on appeal. In the final order, the judge of compensation claims found, in accordance with the evaluation that he had ordered, that Ms. Boen had reached maximum medical improvement, and that physical therapy was no longer medically necessary.
The final order also awarded attorney’s fees under section 440.34(3)(c), Florida Statutes (1997), which provides that attorney’s fees may be awarded “[i]n a proceeding in which a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.” Ms. Boen did not seek and did not obtain any indemnity benefits in the proceeding below. Nor did she actually receive authorization for physical therapy because, by the time she received an evaluation, other measures (including bicycle riding) to which she resorted, after denial of her request for physical therapy, had obviated the need for such therapy. But *603 the judge of compensation claims ruled that “the Employer/Carrier should not be able to escape the payment of attorney’s fees for services rendered in litigating issues brought about ... by the Employer/Carrier’s wrongful denial of benefits just because during the delay the Claimant found alternative means by which to improve her condition through bike riding.”
The medical evaluation she received was itself “a benefit for Claimant that meets the requirements of section 440.34.” Chery v. Southeast Serv. Corp., 644 So.2d 148, 149 (Fla. 1st DCA 1994). See Gulledge v. Dion Oil Co., 605 So.2d 482, 486 (Fla. 1st DCA 1992) (“Carrier’s refusal to timely accept any financial responsibility regarding the hernia injury for which Claimant was treated ... was sufficiently broad to constitute a denial that ‘an injury occurred for which compensation benefits are payable’ within the meaning of subsection 440.34(3)(e).”).
Here, as in Singletary v. Mangham Construction Co., 471 So.2d 635 (Fla. 1st DCA 1985), the employer accepted the original injury as compensable, but, after an intervening accident, denied compensa-bility. Here, as in Singletary, the employer’s position was rejected, and it was determined that the injury remained com-pensable.
On the prior appeal, we held that claimant’s January 1981 injury did not result from “some intervening negligent or unusual conduct on the part of claimant” sufficient to break the chain of causation to the original accident in 1980. [Singletary v. Mangham Constr. Co., 418 So.2d 1138, 1139 (Fla. 1st DCA 1982)]. That decision settled once and for all that the January 1981 incident gave rise to a compensable injury, contrary to the employer and carrier’s alleged defense that claimant’s “medical problems were related to a non-compensable accident occurring subsequent to the accident in this case.” Therefore, claimant was entitled to an award of attorney’s fees because the employer and carrier had unsuccessfully controverted compensability.
Singletary, 471 So.2d at 636; see McCrory Stores, Inc. v. Cleghorn, 487 So.2d 1082, 1082 (Fla. 1st DCA 1986). See also Gulledge, 605 So.2d at 485-86. Here, as in Singletary, attorney’s fees should be awarded because the claimant prevailed on the issue of compensability.
Florida Hospital contested the compens-ability of Ms. Boen’s then current condition in its entirety. Compare Hillsborough County Sch. Bd. v. Hilburn, 472 So.2d 1309, 1310 (Fla. 1st DCA 1985), with Mangham Constr. Co., 471 So.2d at 636. It did not simply take the position that the original, work-related injury had fully resolved. Cf. Sandestin Beach Resort v. Kever, 573 So.2d 98, 99 (Fla. 1st DCA 1991); Teitelbaum Concrete v. Sandelier, 506 So.2d 1122, 1124-25 (Fla. 1st DCA 1987). Florida Hospital claimed that the later accident was the whole cause of Ms. Boen’s injury, from then on.
Florida Hospital transformed what would otherwise have been straightforward litigation over the need for medical benefits into a much more expansive proceeding. Before Florida Hospital raised compensability as a threshold issue, the only question before the judge of compensation claims concerning the medical benefits Ms. Boen sought was whether they were medically necessary. Contesting compensability significantly increased the complexity of the case. Because Florida Hospital then lost on the issue of compens-ability, the judge of compensation claims did not err in awarding attorney’s fees *604 under section 440.34(3)(c), Florida Statutes (1997).
Affirmed.
VAN NORTWICK and LEWIS, JJ., CONCUR.