399 So.2d 1033 (1981)
EMBRY-RIDDLE AERONAUTICAL UNIVERSITY and the Hartford Insurance Group, Appellants,
v.
Helen VESTAL, Appellee.
No. WW-277.
District Court of Appeal of Florida, First District.
June 9, 1981.
*1034 Steven A. Rissman of Cooper & Rissman, P.A., Orlando, for appellants.
Paul Smalbein of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for appellee.
PER CURIAM.
Employer/carrier appeal the order of the Deputy Commissioner finding claimant temporarily totally disabled and awarding her attorney's fees under 440.34(2)(b), Florida Statutes (1979). We affirm on all points; we discuss only the question of attorney's fees.
In September 1979 while employed with Embry-Riddle Aeronautical University claimant suffered a flare up of preexisting dermatitis due to contract with ditto ink. The employee/employer relationship was stipulated and employer/carrier took the position that claimant's condition was temporarily aggravated by an incident at work but her continuing difficulties were not related to this exposure. A claim was filed for various benefits including attorney's fees and costs and the pretrial stipulation indicated that attorney's fees were in issue.
During questioning of claimant's witness regarding his efforts to contact the insurance company on behalf of claimant the following colloquy occurred:
[Claimant]: Did you ask him to start paying her compensation?
[Carrier]: Your Honor, I'm going to object to this line of questioning. It's irrelevant. We've stipulated we haven't paid benefits. That's on your stipulation sheet.
[Claimant]: We've got a claim for attorney's fees, your Honor, and we're going to prove a wall of willful ignorance, where they, by design, didn't want to know the situation. They're making me prove it.
[Carrier]: Your Honor, if we're going to prove attorney's fees, why don't we prove them by the usual customary way, where we have an attorney's fee hearing on it, which is what you've done now since probably the last ten years, rather than having attorney's fees proven at the claimant's hearing.
[Claimant]: This is part of the claimant's 
Deputy Commissioner: All right. I'll allow it. Overruled.
[Claimant]: We can have an attorney's fee hearing later, whether or not the facts justify 
Deputy Commissioner: This is for entitlement. All right. Continue.
On appeal, appellant urges that under Section 440.34(2)(b) entitlement to attorney's fees based on bad faith may only be determined at a hearing separate and apart from the hearing on other matters. Appellant further argues that allowing this issue to be presented at the "benefits" hearing, deprived it of constitutional due process.
We cannot agree. The pretrial stipulation specifically noted that attorney's fees were controverted and appellant's objection relates to the amount of attorney's fees and not to entitlement. The "usual customary way" of dealing with attorney's fees is to determine entitlement at the regular hearing and to hold a later hearing or submit affidavits to prove amounts. Appellant failed to claim prejudice at the hearing below and has demonstrated no prejudice in his brief on appeal. Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980).
Section 440.34(2)(b) in pertinent part provides: "Any determination of bad faith shall be made by the deputy commissioner through a separate fact-finding proceeding." We do not read this language as requiring the deputy commissioner to hold a completely separate hearing on the question of bad faith. While this will, at times, no doubt, occur, it is not mandated. Under the interpretation urged by appellant, we would be required to reverse here, but if the deputy *1035 commissioner had adjourned the hearing, taken a five minute break and started a second hearing there would have been no error. We find this an absurd result and decline to attribute such an intention to the legislature, State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979). In Interest of D.F.P., 345 So.2d 811 (Fla. 4th DCA 1977). Rather, we interpret the language as requiring only that the question of entitlement to attorney's fees on the basis of bad faith be specifically litigated as a separate issue with factual evidence presented going directly to that issue. The deputy may not simply infer from general testimony that bad faith exists.
Accordingly, the order appealed from is affirmed.
SHIVERS and WENTWORTH, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.