PER CURIAM.
The employer/carrier appeals an order of the deputy commissioner awarding wage loss benefits, penalties, and attorney’s fees. We affirm in part and reverse in part.
Only one of the three issues raised by the employer/carrier requires discussion. Claimant suffered a compensable industrial *106 accident on October 23, 1979. At the close of a hearing held on his claim for benefits, the deputy commissioner awarded attorney’s fees finding only that the services rendered by claimant’s attorney were reasonable. This was error. The award of attorney’s fees for services rendered in connection with a claim arising out of an accident which occurred on or after August 1, 1979, is governed by the provisions of § 440.34(2), Florida Statutes (1979). Laws of Florida, Chapter 79-312, Section 15.
The claimant did not file a claim for medical benefits only, nor did the employer/carrier deny that an injury occurred for which compensation benefits were payable. Accordingly, neither Section 440.34(2)(a), nor Section 440.34(2)(c) would justify the award of attorney’s fees in this case.
Claimant argues that the award of attorney’s fees may be justified under Section 440.34(2)(b), Florida Statutes (1979), in that the conduct of the employer/earrier amounted to the kind of passive disapproval and rejection of claims on mere technical matters of form which was condemned in Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981). However, the deputy commissioner did not make a finding of bad faith on the part of the employer/earrier as required by Section 440.34(2)(b), nor was the question of entitlement to attorney’s fees on the basis of bad faith specifically litigated as a separate issue with factual evidence presented going directly to that issue as that subsection requires. See, Embry Riddle Aeronautical U. v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981).
Accordingly, the order of the deputy commissioner is affirmed except as to the award of attorney’s fees. The cause is remanded, and the deputy commissioner is directed to conduct an evidentiary hearing on the question of claimant’s entitlement to attorney’s fees.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WIGGINTON, JJ., concur.