PER CURIAM.
Claimant suffered an industrial injury on March 25, 1980, when a motorcycle he was riding overturned. After his release from the hospital, the claimant formally reported the accident to his supervisor in early April and was told “[TJhere’s no way it’s a compensation case.” Claimant thereafter contacted counsel, and a claim was filed with the Division of Workers’ Compensation on April 16, 1980. The employer consistently denied compensability, even when it notified the carrier on April 23 that an accident had occurred. After deposing witnesses and completing its investigation, the carrier informed the claimant on June 16, 1980, the date of the scheduled pre-hearing conference, of the carrier’s decision to accept the case as compensable. The deputy commissioner found that the claimant was not entitled to an attorney’s fee because: (1) the carrier did not deny that an injury occurred for which compensation benefits were payable; (2) there was insufficient evidence to substantiate a claim that the employer/carrier acted in bad faith in the handling of the claim. We agree with the deputy’s conclusions that the carrier did not act in bad faith in handling the claim and never denied that a compensable injury occurred. Nevertheless, a fee is due claimant’s counsel in this instance. Section 440.34(3)(c), Florida Statutes (1979), unambiguously states that a claimant shall be entitled to a reasonable attorney’s fee “where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.” The employer in this instance informed the claimant in no uncertain terms that his injury was' not compen-sable. This remained the position of the employer and the carrier for more than two months until the carrier accepted compensa-bility on the day of the pre-hearing conference. Under such circumstances, the claimant is entitled to an attorney’s fee despite the carrier’s subsequent acceptance of the case as compensable.
REVERSED and REMANDED for award of attorney’s fee.
MILLS, LARRY G. SMITH, and SHAW, JJ., concur.