PER CURIAM:
The employer/carrier appeals a workers’ compensation order awarding temporary total disability benefits since the date of the accident and continuing, payment of outstanding medical bills, remedial medical care and costs. We affirm as supported by competent substantial evidence the deputy’s finding of a causal connection between claimant’s May 1, 1980 industrial accident and her subsequent back condition. Accordingly, the award of outstanding medical bills, remedial care and treatment and costs is also affirmed.
However, the award of temporary total disability benefits subsequent to May 13,1980[1] must be reversed, as there was no showing of an adequate work search or competent substantial evidence excusing same. See Palm Beach Newspapers, Inc. v. Boston, 404 So.2d 174 (Fla. 1st DCA 1981). Further, although the deputy’s reservation of jurisdiction to determine claimant’s entitlement to attorney’s fees was proper, we strike as gratuitous at this time the deputy’s statement in the order that “[t]he evidence submitted to this point indicates that the employer/carrier, in bad faith, denied benefits to the claimant and she sustained economic loss.” This finding was improper, as the question of entitlement to attorney’s fees on the basis of bad faith was not specifically presented or litigated below, and a deputy “may not simply infer from general testimony that bad faith exists.” *294 Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033, 1035 (Fla. 1st DCA 1981).
The order appealed from, as amended, is affirmed in part and reversed in part.
BOOTH and THOMPSON, JJ., concur.
ERVIN, J., concurs in part and dissents in part with written opinion.
ERVIN, Judge,

. On this date, the treating physician released claimant to return to light work or part-time work.