MILLS, Judge.
In this workers’ compensation ease, we are asked to review the deputy commissioner’s order awarding the claimant temporary total disability (TTD) benefits, medical care and costs, and penalties. The deputy reserved jurisdiction to determine attorney’s fees and bad faith. The employer/carrier (E/C) contends that there are six points in the order requiring reversal. We disagree and affirm.
First, the E/C contends the deputy commissioner erred in finding that Stick-ney’s hand condition was related to her industrial accident. On 4 June 1981, Stick-ney cut her right hand while working for Wendy’s. Over the course of the following eighteen months, her hand condition progressively deteriorated. At the hearing, the deputy commissioner received the testimony and depositions of several orthopedic surgeons and psychiatrists, some of which conflicted. It was his duty to resolve those conflicts with appropriate findings in his order. Grillo v. Big “B” Ranch, 328 So.2d 429 (Fla.1976). See also, Jefferson Stores, Inc. v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980). Upon our review of the record, we have determined that there is competent and substantial evidence to support his finding that Stickney suffered a conversion reaction secondary to her hand injury at Wendy’s. We will not exceed our scope of review by reweighing the evidence. Croft v. Pinkerton-Hayes Lumber Company, 386 So.2d 535 (Fla.1980).
Second, we do not agree with the E/C that Stickney’s refusal to wear the splint applied by Dr. Helmy was a refusal of reasonable medical treatment. The record supports Stickney’s contention that the splinting of her hand was not “treatment per se,” but merely to show her that she could, in fact, open her hand. Accordingly, we find that Stickney took all reasonable steps to seek prompt medical attention for her injury when it was indicated. Lobnitz v. Orange Memorial Hospital, 126 So.2d 739 (Fla.1961).
*348 Next, the E/C contends that the award of medical care and benefits by doctors unauthorized by the carrier was error. On 2 June 1982, the E/C filed a notice to controvert “current and continuing medical.” We find this was a failure to provide medical care and that Stickney was then free to seek “reasonable and necessary” medical care on her own. Section 440.13(1), Florida Statutes (1981). The deputy approved such care and we will not disturb that determination.
The E/C also alleges error in awarding penalties, since a notice to controvert was filed. The deputy did not set out specifically the compensation for which punitive penalties were to be paid, but directed the carrier to pay penalties in accordance with Sections 440.20(7) and (9), Florida Statutes (1981). The provisions require the carrier to pay punitive penalties on compensation due prior to, but not after, the date that the notice to controvert was filed. The order is clear and correct on this point.
The E/C further complains that the deputy erred in awarding temporary total disability benefits from April 1982 through the date of the hearing and continuing. Again, our review of the record finds competent and substantial evidence to support the deputy’s order on this point. Croft v. Pinkerton-Hayes Lumber Company, supra.
Finally, the E/C claims that the deputy abused his discretion in refusing to hear testimony and rule on the issues of attorney’s fees and bad faith. This point is without merit. Although we have held that Section 440.34(2)(b), Florida Statutes, does not require a deputy commissioner to hold a completely separate hearing on the question of bad faith, we have recognized that separate hearings do occur and are proper. Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033, 1034 (Fla. 1st DCA 1981); Sears Termite & Pest Control v. Spearman, 417 So.2d 292, 293 (Fla. 1st DCA 1982). While it may better serve the interest of judicial economy to decide these issues at the same hearing, it is certainly not reversible error to reserve jurisdiction to later resolve them.
The deputy commissioner’s order is affirmed on all points, and appellee is granted fees of $2,000.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.