465 So.2d 634 (1985)
Dennis RIVERS, Appellant,
v.
SCA SERVICES OF FLORIDA, INC. and Hartford Insurance Group, Appellees.
No. AZ-303.
District Court of Appeal of Florida, First District.
March 21, 1985.
Rehearing Denied April 10, 1985.
Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellant.
*635 James N. McConnaughhay of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellees.
MILLS, Judge.
Rivers appeals from a workers' compensation order determining average weekly wage (AWW) and denying attorney's fees. He contends the deputy erred in calculating AWW pursuant to Section 440.14(1)(b), Florida Statutes (1983), and in denying attorney's fees based on the employer/carrier's alleged bad faith. We agree on both issues and reverse.
The deputy calculated AWW for the period following the industrial accident of 8 August 1983 based on the wages of a similar employee as provided in Section 440.14(1)(b). He found Rivers did not work for the 13 weeks preceding the industrial accident.
The wages of a similar employee should be used to determine AWW only if the injured employee has not worked "during substantially the whole of 13 weeks immediately preceding the injury." Section 440.14(1)(b). "Substantially the whole of 13 weeks" is defined in Section 440.14(1)(a), Florida Statutes (1983), as "not less than 90 percent of the total customary full-time hours of employment within such period considered as a whole."
Although Rivers worked less than 90 percent of the total working days within the 13 week period, the record shows he worked more than 90 percent of the total customary full-time hours of employment within the 13-week period. The deputy should have calculated AWW pursuant to Section 440.14(1)(a) rather than Section 440.14(1)(b).
Rivers' claim for attorney's fees was denied based on the deputy's finding that the employer/carrier did not act in bad faith. Among other things, Rivers contends the denial was premature because the deputy did not conduct a separate factfinding proceeding before deciding the issue.
Section 440.34(3)(b), Florida Statutes (1983), does not require a separate hearing on entitlement to attorney's fees based on bad faith, but only that entitlement be specifically litigated as a separate issue with factual evidence presented going directly to that issue. The deputy may not infer bad faith, or lack of bad faith, from general testimony. Veterans Septic Tank Service v. Wallace, 445 So.2d 389 (Fla. 1st DCA 1984); Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981).
Here, the issue was never separately litigated with factual evidence going directly to it. The fee denial must be reversed and remanded for further hearing.
Reversed and remanded for proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.