488 So.2d 873 (1986)
Dennis RIVERS, Appellant,
v.
SCA SERVICES OF FLORIDA, INC., and Hartford Insurance Group, Appellees.
No. BJ-62.
District Court of Appeal of Florida, First District.
May 13, 1986.
Rehearing Denied June 16, 1986.
*874 Ben R. Patterson, of Patterson & Traynham, Tallahassee, for appellant.
James N. McConnaughhay and David A. McCranie, of Karl, McConnaughhay, Roland, Maida & Beal, P.A., Tallahassee, for appellees.
ZEHMER, Judge.
Claimant appeals an order setting the amount of attorney's fees for the employer's bad faith failure to pay workers' compensation benefits. The order was entered in proceedings held pursuant to our decision in Rivers v. SCA Services of Florida, Inc., 465 So.2d 634 (Fla. 1st DCA 1985). Finding error in the Deputy Commissioner's determination of the amount of a reasonable fee, we reverse.
The determination of the amount of the attorney's fee was submitted by the parties upon the facts contained in a stipulation and attorneys' affidavits concerning the amount and value of claimant's attorney's services. By letter of August 20, 1985, counsel for the employer and carrier sent such an affidavit of an attorney to the deputy and recited in the cover letter that the parties had stipulated claimant's attorney obtained benefits for claimant which approximated $1,000.
The deputy entered an order on September 3, 1985, which awarded a fee of $1,500 to claimant's attorney. The order, approving the stipulation of the parties and accepting as true the facts recited therein, found that the amount of benefits obtained for plaintiff was $459.19, plus interest of $85.69, and that claimant's attorney is entitled to a reasonable attorney's fee for his services. The order further found, based on the stipulation and affidavits submitted by the parties, that claimant's attorney devoted 39.1 hours to legal services in this case, which "was not the usual workers' compensation case" because it involved difficulty regarding interpretation of the average weekly wage statute. The deputy's order recited that he also considered the skills and qualifications of claimant's attorney, who has been a member of the bar since 1970 specializing in workers' compensation law and enjoyed the reputation as an expert in this speciality, and concluded that the experience, reputation, and ability of the attorney performing services for claimant is considered outstanding. The deputy found that the fees customarily charged in the locality for similar legal services ranged from $75 to $150 per hour and that this was a contingency case so that no fee would be due if the case were lost. Although the amount of benefits obtained was found to be $544.88, the time expended was 39.1 hours, so the deputy concluded that "the primary factor to be considered is the time involved." He then found that a fee is justified in excess of the fee schedule contained in section 440.34, Florida Statutes (1983), and awarded $1,500.
On appeal claimant contends that the amount of fee awarded is insufficient and not supported by the record and complains that the deputy should have used $1000 as the value of benefits obtained. Claimant also argues that the amount of the fee should be determined in accordance with the factors discussed in Florida Patients' Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), which focuses on the time expended as the beginning point.
Section 440.34 governs the award of a reasonable fee to be received by claimant's attorney, whether paid by the carrier or by the claimant. Subsection 440.34(1) provides that any attorney's fee approved by the deputy commissioner shall be equal to a *875 certain percentage "of the amount of the benefits secured," but further states:
However, the deputy commissioner shall consider the following factors in each case and may increase or decrease the attorney's fee if, in his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h) The contingency or certainty of a fee.
Subsections 440.34(1) and (6) prohibit an attorney from receiving a fee in any amount not approved by the deputy commissioner or the court. Thus, the deputy is obligated to determine the reasonableness of the fee to be received by the claimant's attorney for his services.
In the instant case, the deputy reviewed each statutory factor and, among other things, accepted the 39 hours as reasonable, recognized that the questions involved were unusual, acknowledged the exceptional reputation and legal ability of claimant's attorney, and found that the range of hourly rates paid for similar services was $75 to $150 per hour. Yet, for reasons not apparent on the face of the order, the deputy awarded a fee which amounts to approximately $38 per hour despite his conclusion that the time and labor required was the primary basis for the fee. The record contains no evidentiary support for finding that a rate of $38 per hour is a reasonable amount of compensation for the claimant's attorney's services in this case.
Although section 440.34 sets a percentage of the amount of benefits obtained for the claimant as the starting point in the analysis of a reasonable fee in every case, we agree with the deputy that after considering all the statutory factors, the time and labor required is the major factor that should be applied under the circumstances shown in this case. We do so for the following reasons.
In recognition of the dominant self-executing theme of the Workers' Compensation Act, section 440.34 places primary responsibility upon the claimant for payment of his own attorney's fees, and limits the carrier's obligation to pay claimant's attorney's fees to three situations. The fee was awarded in this case because the carrier "has acted in bad faith with regard to handling an injured worker's claim and the injured worker has suffered economic loss" as a result. § 440.34(3)(b), Fla. Stat. (1983).[1] A fee is owed under this provision because the employer and carrier's conduct in failing to pay benefits due seriously interferes with the self-executing process of the statute. See Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981). That the award of attorney's fees under the bad faith provision is intended not only to compensate the claimant and his attorney for the reasonable value of legal services required to vindicate the claimant's rights under the act but also to punish the carrier for its bad faith denial of benefits which defeat the self-executing purpose of the act is made manifest by the provision in section 440.34(3) requiring that the payment of bad faith fees "may not be recouped, directly or indirectly, by any *876 carrier in the rate base, the premium, or any rate filing."
The other two provisions in subsections 440.34(3)(a) and (c) shift the responsibility for claimant's attorneys fees to the carrier or employer for the unsuccessful denial of medical benefits or compensability of the injury, and in those instances the full amount of such benefits paid to the claimant are usually included in the calculation of the percentage schedule set forth in section 440.34(1). But it is frequently the case, when attorney's fees are awarded for the bad faith denial of benefits due claimant, that only a small portion of the total benefits paid to claimant may be considered to have been obtained by the attorney's services. That was the case here. The claimant, unlike the employer and carrier, is not free to contract with an attorney to pay a fee for the required legal services regardless of the amount approved by the deputy. Since a claimant cannot pay his attorney any fee in addition to that approved as reasonable by the deputy, even though the reasonable value of the time required to obtain the additional benefits for claimant may exceed by several times the amount of the benefits being withheld in bad faith, to adhere unrelentingly to the value of benefits obtained as the dominant consideration in such bad faith cases will tend to deter attorneys from accepting employment and impede the claimant's ability to obtain legal representation and assistance in obtaining such benefits. Application of the provisions of section 440.34(1) in a manner that promotes such a chilling effect on the claimant's right to obtain legal services in the face of bad faith denial of benefits is inconsistent with the benevolent purposes of the Worker's Compensation Act.
For these reasons, we do not approve the notion that a bad faith fee should be so related or restricted to the amount of benefits obtained that the resulting fee award for prevailing on the merits is well below the usual time charges for such services. Since claimant's attorney's fee is contingent on the outcome, the minimum amount of time and labor reasonably required and the hourly fee customarily charged for similar services is properly treated as a major consideration in determining the amount of the fee due in bad faith cases where the amount of benefits involved are minimal. Accordingly, without having to determine whether the deputy erred in using $1000 as the amount of benefits obtained for the claimant, we hold that the amount of the fee award in this case is not supported by the record and is so small as to constitute an abuse of discretion.
The order is reversed and the case remanded for redetermination of the amount of a reasonable fee consistent with this opinion.
REVERSED and REMANDED.
BARFIELD, J., concurs.
NIMMONS, J., dissents.
NOTES
[1] Bad faith is defined as "conduct by the carrier in the handling of a claim which amounts to fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant." § 440.34(3)(b), Fla. Stat. (1983).