ZEHMER, Judge.
We review a workers’ compensation order awarding attorney’s fees. Claimant complains that (1) the deputy erred in requiring him to pay a portion of the fee award after finding bad faith on the part of the employer and carrier, and (2) the amount of fee award erroneously failed to take into consideration approximately $70,-000 in benefits received by claimant and 72 hours of time expended on the case by claimant’s counsel. Finding error, we reverse and remand.
Claimant was injured in November 1982. The first report of injury was completed by the employer on November 22, and the first activity in the carrier’s claim file occurred on December 13, 1982. Claimant’s first attorney, Allen, filed a written claim for benefits in January 1983, and on February 2, 1983, the carrier paid benefits of $2,053.48. Claimant’s present attorney, Morcroft, was substituted for Allen in March 1983. Benefits continued to be paid to claimant from February until October 1985, when the wage-loss claims for September and three subsequent months accumulated in the carrier’s files without processing by the adjustor. Morcroft filed a claim for wage-loss benefits for September to December.
Both attorneys sought attorney’s fees. Allen sought entitlement to fees pursuant to section 440.34(1), Florida Statutes (1981), based on the bad faith failure of the employer and carrier to pay medical and compensation benefits to claimant prior to his representation. The parties stipulated that Allen obtained medical benefits in the amount of $13,253, and temporary total benefits in the amount of $2,053, for a sum total of $15,306. Allen sought a fee based on the statutory percentage in the amount of $3,046, less a set-off of $532 which his office had obtained from the payment of temporary total disability benefits to claimant. Morcroft contended that his office had spent, since taking over from Allen, 71 to 73 hours on the case, and that claimant had accrued total compensation and medical benefits of approximately $85,000 since the inception of the claim. He took the position that total attorneys’ fees in the case, based on the application of the statutory percentage and guidelines in section 440.34(1), should be approximately $13,725, out of which he would remit the fee due Allen. There was testimony by a qualified attorney that the hours claimed by Mor-croft were reasonable.
In defense, the carrier contended it had not acted in bad faith. Alternatively, the carrier agreed to pay $2,514 towards Allen’s fee, and contended that Morcroft was due a fee based only on the wage-loss benefits obtained for the period from September 1985 to December, rather than the total amount of benefits accruing to claimant.
The deputy found that claimant received substantial benefits as a result of Allen’s efforts and that the carrier’s handling of the claim amounted to bad faith. He further found that thereafter, until September 1985, the carrier properly and adequately administered the claim, but that the carrier acted in bad faith with respect to the wage-loss benefits due for the period September through December 1985. Accordingly, the deputy ordered payment of $2,514 to Allen and payment to Morcroft of “an attorney’s fee on the wage loss benefits obtained for the months of September, October, November and December, 1985, based upon the guidelines set forth in Florida Statute 440.-34(1).” [1]
Claimant’s first contention, that it was error to order the carrier to pay only $2,514 of the total $3,046 fee and require *655 the claimant to pay the remaining $532 out of temporary total disability benefits, is well taken. Section 440.34(3)(b) provides that the claimant shall not be responsible for his attorney’s fee if the carrier has acted in bad faith. Ordering claimant to apply a portion of his temporary total disability benefits to satisfy the fee due his attorney for obtaining benefits withheld because of the carrier’s bad faith contravenes that section. Accordingly, that portion of the appealed order regarding the fee to Allen is reversed and remanded for entry of an order in conformance with this opinion.
We decline to reach the second point. The order awarding a fee to Mor-croft does not specify any determinable amount of fee to be paid and, therefore, must likewise be remanded because it is too vague and ambiguous. Genelus v. Boran, Craig, Schreck Construction Co., 438 So.2d 964 (Fla. 1st DCA 1983). On remand the amount of the fee to be awarded shall be stated as a specific dollar amount. In determining that amount, the deputy should be aware of the recent decisions in Rivers v. SCA Services of Florida, Inc., 488 So.2d 873 (Fla. 1st DCA 1986), and Poole & Kent Co. v. Rhea, 488 So.2d 908 (Fla. 1st DCA 1986).
REVERSED AND REMANDED.
SMITH and WIGGINTON, JJ., concur.

. The finding of bad faith is not challenged on this appeal.