JOANOS, Judge.
Claimant Joseph T. Straker has appealed from an order of the deputy commissioner denying a claim for bad faith attorney’s fees. We reverse.
Straker injured his back in a compensa-ble accident in April 1981. In October 1984, he submitted a claim for payment of certain medical bills and compensation benefits. Notably, although he claimed attorney’s fees, he did not allege a bad faith basis for that claim. Although the compensation benefits were denied by an order entered in January 1985, the deputy found the employer obligated to pay the medical bills. The deputy also held that “[t]he attorney for the claimant has rendered valuable services in this cause and has obtained benefits for his client and is entitled to the recovery of a reasonable attorney’s fees [sic] and costs upon proper motion.” The deputy did not, however, go on to hold that the employer/carrier was responsible for payment of these fees.
Time passed and no motion for attorney’s fees was filed by Straker’s attorney pursuant to the 1985 order. Straker thereafter filed a claim for wage loss benefits for the period March 1986 through March 1987, which the employer voluntarily paid on April 15, 1987. By letter of the same date, Straker’s counsel wrote the employer/carrier acknowledging the lump sum wage loss payment and stating that “you may consider this my demand for attorney’s fees in the amount of $3000.00 for the hearing and the discovery attendant thereto which occurred in 1984.” The employer/carrier issued a $3000.00 check to the attorney on April 28,1987, denominated “clmt. attorney fee.”
A dispute thereafter arose as to the exact purpose of the $3000.00 payment. Straker’s attorney contended that it was in payment of the fee authorized by the deputy’s January 1985 order; the employer stat *156 ed that it was the statutory fee, calculated based on the voluntary wage loss payment. A motion for attorney’s fees was thereafter filed by Straker’s attorney, alleging that the carrier was guilty of bad faith. After a hearing at which no evidence was taken regarding the employer/carrier’s conduct of the claim, the deputy found that the $3000.00 fee paid by the employer was an adequate fee for the wage loss benefits obtained in 1987. With regard to the medical benefits obtained in 1984, the deputy held that there was no statutory basis for an attorney’s fee in that case in that “[i]t is not a medical only claim since other benefits were claimed nor is there significant evidence of bad faith.”
As previously noted, there was no evidence taken at the hearing preceding the order here appealed regarding bad faith in the employer/carrier’s conduct of the 1984 claim. This is not necessarily fatal to the deputy’s finding that no bad faith existed, despite the admonition of Section 440.-34(3)(b), Florida Statutes, that “[a]ny determination of bad faith shall be made by the deputy commissioner through a separate fact-finding proceeding.” This court has construed that language as not requiring a temporally separate hearing on the issue of bad faith, but only that “the question of bad faith be specifically litigated as a separate issue with factual evidence presented going directly to that issue.” Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033, 1035 (Fla. 1st DCA 1981).
In City of Miami v. Watkins, 530 So.2d 380 (Fla. 1st DCA 1988), a bad faith attorney’s fee was awarded based on a previous merits order, without taking evidence of bad faith at the fee hearing. The appellant argued that the bad faith basis for the fee award was not litigated at a separate hearing and, as in this case, no evidence of bad faith was presented at the fee hearing. The court nevertheless affirmed the bad faith award, in that “bad faith was specifically asserted in the claim and, by the terms of the merits order ... evidence bearing on that issue was submitted.” Watkins at 383. The court went on to note that the previous order “found that appel-lee was entitled to an attorney’s fee, reserved jurisdiction only to determine the fee amount, and made specific findings as to the predicate facts supporting the conclusion of bad faith in the present order.” Watkins at 383.
In the instant case, however, a perusal of the January 1985 merits order reveals that bad faith was not asserted by Straker as a basis for his attorney’s fees claim. Further, the order does not by its terms reflect that evidence bearing on bad faith was submitted at the merits hearing, nor does it make specific findings as to the facts supporting the present holding that no bad faith existed. Therefore, since no evidence going to the bad faith issue was presented at the fee hearing, nor does claimant appear to have been on notice of the necessity for such evidence, the deputy’s determination that no bad faith existed was premature. See Rivers v. SCA Services of Florida, Inc., 465 So.2d 634 (Fla. 1st DCA 1985), wherein the court held that entitlement to attorney’s fees based on bad faith must “be specifically litigated as a separate issue with factual evidence presented going directly to that issue. The deputy may not infer bad faith, or a lack of bad faith, from general testimony.” Rivers at 635 (emphasis supplied).
The order denying bad faith attorney’s fees is therefore reversed and the case remanded for further proceedings consistent with this opinion which shall allow the parties the opportunity to present evidence as to the conduct of the claim by the employer/carrier. Afterwards, the deputy commissioner may rule upon the claim of attorney’s fees based on the bad faith allegation.
BOOTH and MINER, JJ., concur.