JOANOS, Judge.
The Sumter County Board of County Commissioners and Rockwood Insurance *797 Co. have appealed from an order of the judge of compensations claims finding that claimant Groover was entitled to have certain fringe benefits included in the calculation of his average weekly wage (AWW), and awarding bad faith attorney’s fees. We affirm in part and reverse in part.
Because we find that competent substantial evidence supports the finding that Groover did not voluntarily terminate his employment with Sumter County, we affirm the inclusion of his fringe benefits in the calculation of his AWW without further discussion.
With regard to the award of bad faith attorney’s fees, a claimant is entitled to recover such fees “[i]n cases in which the [judge] issues an order finding that a carrier has acted in bad faith with regard to handling an injured worker’s claim [conduct amounting to fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant] and the injured worker has suffered economic loss.” § 440.34(3)(b), Fla.Stat. (1985).
The statute further requires that “[a]ny determination of bad faith shall be made by the [judge] through a separate factfinding proceeding.” This provision has not been interpreted to require a completely separate hearing on the issue, but only that “the question of entitlement to attorney’s fees on the basis of bad faith be specifically litigated as a separate issue with factual evidence presented going directly to that issue.” Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033, 1035 (Fla. 1st DCA 1981).
In the instant case, the record does not reflect that the claimant’s entitlement to bad faith fees was “specifically litigated as a separate issue with factual evidence presented going directly to that issue,” but shows only that the claimant introduced the deposition of the Sumter County administrator as to the amount of the claimant’s salary, with a brief statement that it went to the issue of economic loss.
Even if this evidence is found adequate on the “economic loss” prong of the bad faith statute, no evidence or argument whatsoever was offered as to the “fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant” with which the employer/carrier was alleged to have acted. This dearth of evidence is borne out by the judge’s order, which awards fees based on a bare finding that the claimant suffered an economic loss. This is clearly inadequate to support a finding of bad faith under section 440.-34(3)(b).
We therefore reverse the award of bad faith attorney’s fees herein, and remand for further proceedings on that issue. The appeal is in all other respects affirmed.
MINER, J., concurs.
ERVIN, J., concurs and dissents with opinion.