605 So.2d 482 (1992)
William GULLEDGE, Appellant,
v.
DION OIL COMPANY and Liberty Mutual Insurance Company, Appellees.
No. 91-2514.
District Court of Appeal of Florida, First District.
August 21, 1992.
Rehearing Denied September 21, 1992.
*483 Pamela Fleischmann, South Miami, and Joseph C. Segor, Miami, for appellant.
Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for appellees.
ZEHMER, Judge.
William Gulledge appeals a workers' compensation order denying his request for attorney's fees from Dion Oil Company and Liberty Mutual Insurance Company pursuant to section 440.34(3)(c), Florida Statutes (1987). We reverse.
Claimant was involved in two industrial accidents, the first on January 11, 1987, and the second on October 30, 1987, and Employer and Carrier accepted both as compensable and paid Claimant compensation benefits and medical expenses, including the costs of two hernia operations. On October 19, 1988, the parties entered into a Joint Stipulation and Joint Petition and Application for Lump Sum Settlement pursuant to section 440.20(12)(b), Florida Statutes. On October 28, 1988, the judge of compensation claims entered an "Order for Release From Liability for Future Payments of Compensation, Rehabilitation Expenses, or Death Benefits, But Excluding Medical Expenses," listing the date of accident as "1/11/87." Only the first accident was so settled, and liability on second accident remained outstanding.
On July 27, 1990, Carrier was notified by telephone that Claimant was admitted to the hospital on an emergency basis for severe abdominal pain, and Carrier refused to authorize treatment. On August 14, 1990, Carrier received a letter from Dr. Larrauri to Employer (dated August 7, 1990), stating that Claimant was seen by the doctor for recent complaints of severe abdominal pain, was found to have a recurrent hernia in the area of the previous repair, and had undergone surgery for repair thereof that "required excision of the entire previous mesh repair, lisis of interabdominal adhesions and a new mesh repair." When Claimant personally contacted Carrier by telephone on August 17, 1990, about whether the surgery was authorized, Carrier's representative, Ms. Brown, told Claimant that Carrier had not received a letter relating the hernia surgery as a re-occurrence of the compensable injury and advised *484 Claimant to "fax" the letter to her. In the meantime, Claimant employed an attorney to press this claim. Claimant's attorney spoke with Brown three days later regarding whether Carrier would pay for the surgery and was told that Carrier would not pay because both the January 1987 and October 1987 accidents had been washed out in the settlement and the case was settled. A few days later Brown sent Claimant's attorney a letter confirming that conversation. Claimant's attorney subsequently had several other conversations with Brown and Carrier's attorney regarding the surgery. Brown then called Dr. Larrauri regarding the surgery on September 10th, and after discussing the matter with Carrier's staff medical advisor the next day, decided to accept responsibility for the surgery. However, Brown did not immediately notify either Claimant or his attorney of Carrier's changed decision to accept responsibility for the surgery and pay benefits.
Claimant filed a claim for benefits, dated September 17, 1990, and the Division of Workers' Compensation received it in Tallahassee on September 20, 1990. The claim sought temporary total disability (TTD) benefits from July 18, 1990, and continuing, payment of medical bills relating to the July 18, 1990, surgery, penalties, interest, costs and attorney's fees "pursuant to F.S. § 440.34(3)(c)." Carrier began paying compensation benefits to Claimant on September 21st and the medical bills on September 24th. Carrier's attorney informed Claimant's attorney of Carrier's changed decision and its initiation of payment by a letter dated September 25, 1990. Carrier received a copy of the claim for benefits on October 5, 1990. It never served nor filed a written notice to controvert the claim for benefits based on a compensable injury. On February 6, 1991, the judge entered an "Agreed Order" on Employer and Carrier's motion to dismiss, dismissing the claim "except for count five for Attorney's Fees pursuant to Florida Statute 440.34(3)(b)."
The foregoing facts are established by the record without substantial dispute. At the hearing held on the sole issue of Carrier's liability for claimant's attorney's fees, Claimant's attorney relied on section 440.34(3)(c). On July 31, 1991, the judge ordered that Claimant's attorney was not entitled to a fee from Carrier pursuant to section 440.34(3)(c).[1] This ruling was based upon a number of findings, including the following:
6. Further testimony indicates that a Claim for Benefits was filed on September 17, 1990, and acknowledged by the Division on October 20, 1990. However the medical bills were paid within 45 days of receipt, and I find that the medical bills were paid timely, and the Employer/Carrier provided treatment and paid indemnity benefits. Therefore, the Claimant's attorney did not successfully assert a Claim and was therefore not entitled to any award of attorney's fees.
7. Pam Fleischmann, attorney for the Claimant, testified that a reasonable fee for an attorney with her experience was in the amount of $150.00 to $200.00 per hour. Further testimony indicates that the attorney for the Claimant has expended approximately 13.25 hours pursuant to her Affidavit, and approximately five hours on research, preparation and possibly attendance at the Fee hearing. Counsel for the Claimant claims that the medicals were confusing because one Claim was open, and the other one was closed, and that she cooperated in having the doctor conferenced with the defense attorney, and mailed the medicals to the Carrier, and to the defense attorney. It is the testimony of the Claimant's attorney that through her efforts, and before the Claim was actually filed, that she was able to have the Claimant's medicals paid.

*485 8. I nonetheless find that the letters were not Claims, and a formal Claim was never filed, until one was filed on September 17, 1990. I further find that benefits were timely paid, and the medical bills were also timely paid when they were received.
9. Based upon the foregoing, and the fact that the Claim was not filed until after a decision was made on acceptance on responsibility, I find that counsel for the Claimant is not entitled to an attorney's fee. It is clear that prior to the date the formal claim was filed, that counsel for the Claimant did not file a claim.
10. My finding that the Claimant's attorney is not entitled to an attorney's fee is based upon the fact that a Claim was not filed timely, and medical and indemnity benefits were paid within a reasonable time. Therefore, the Claimant's attorney did not successfully assert a Claim and obtain benefits for the Claimant, I find that the benefits paid on this claim were paid voluntarily, and within a reasonable period of time.
Claimant contends that the judge of compensation claims erred in denying an award of attorney's fees pursuant to section 440.34(3)(c) for the recited reasons. Claimant argues that his attorney's letter to Employer and Carrier's attorney, dated August 22, 1990, enclosing a copy of Dr. Larrauri's letter and requesting a reply within 15 days, constituted a written claim sufficient to trigger operation of the workers' compensation statute in chapter 440 because it put Employer and Carrier on notice of the claim. Claimant also argues that Carrier's denial of benefits on the basis that both accidents had been washed out by the settlement was the functional equivalent of a denial of compensability. Also, Claimant argues, the claim would not have been paid without Claimant's attorney's intervention and efforts because prior to accepting responsibility, Employer and Carrier's attorney requested that Claimant's attorney refrain from filing a formal claim and then relied upon her to gather necessary medical information, obtain a release from Claimant, and set up a telephone conference with the surgeon.
Employer and Carrier respond that the judge properly denied attorney's fees pursuant to section 440.34(3)(c), arguing that, first, Carrier did not deny the compensability of the injury, as required by section 440.34(3)(c), but simply denied responsibility for the latest surgery based upon the mistaken belief that both of Claimant's cases had been washed out. Second, Claimant did not succeed in a "proceeding" for compensation because the only hearing held in this matter was the attorney's fee hearing. Also, the claim for benefits was not filed with the Division until September 20, 1990, after Carrier had already decided to accept responsibility for the surgery, as evidenced by the fact that Carrier had paid the medical and compensation benefits prior to receiving a copy of the formal claim. They argue that section 440.34(3)(c) does not provide for attorney's fees based solely on an attorney's informal request for benefits, such as the initial letter from Claimant's attorney to Carrier.
Section 440.34(3)(c), Florida Statutes (1987), provides in pertinent part:
(3) ... A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
* * * * * *
(c) In a proceeding in which a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.
Thus, for a claimant to recover attorneys' fees from a carrier or employer under sub-paragraph (c), it is incumbent on the claimant to establish (1) that the carrier or employer denied that an injury occurred for which compensation is payable, (2) that a proceeding has been initiated, and (3) that the claimant has ultimately prevailed on the issue of compensability asserted in that proceeding.
Carrier's conduct in this case constituted a denial of compensability within *486 the meaning of subsection 440.34(3)(c). The language in that subsection does not include a requirement that only denials of written claims fall within its terms. We construe that subsection to mean that the employer or carrier's express denial, whether oral or written, or their failure to pay compensation due within the time required by chapter 440, constitutes a sufficient denial under this subsection. Employer and Carrier readily admit that when Carrier was initially contacted on July 27, 1990, by the hospital seeking authorization for emergency treatment of Claimant's hernia injury, Carrier denied responsibility for the condition on the erroneous belief that both injuries involving this hernia site had been washed out by the settlement agreement. Upon receipt of this notice, Carrier was immediately under a duty to make a reasonable investigation of the claim, Dolphin Tire Co. v. Ellison, 402 So.2d 36, 37 (Fla. 1st DCA 1981), to timely provide medical benefits pursuant to section 440.13, and to pay temporary total disability compensation pursuant to subsection 440.15(2) within 14 days thereafter unless it timely controverted the claim, § 440.20, Fla. Stat. (1987), and prevailed. Carrier did not commence payment of benefits until the third week of September, however, persisting in its denial of compensability for that injury until communicating its change of decision at that time. Carrier's refusal to timely accept any financial responsibility regarding the hernia injury for which Claimant was treated in July was sufficiently broad to constitute a denial that "an injury occurred for which compensation benefits are payable" within the meaning of subsection 440.34(3)(c). See Dolphin Tire Co. v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981). We reject Employer and Carrier's contention that they only denied the surgery and did not deny that a compensable injury was involved.
The second and third elements of subsection 440.34(3)(c) are also satisfied on this record. Claimant initiated a proceeding by filing a claim pursuant to subsection 440.19(1)(d) with the Division of Workers' Compensation in Tallahassee on September 20, 1990. The filing of this claim with the Division invoked the jurisdiction of a judge of compensation claims, and after that date (September 20, 1990) the claim could be adjudicated or dismissed only by order of the judge of compensation claims or a court. Rule 4.050, Fla.W.C.R.P. Thus, from that point forward this claim was the subject of a proceeding within the meaning of subsection 440.34(3)(c) and it could only be disposed of by the judge, even though the parties should reach agreement on a settlement and dismissal. Since the parties stipulated to a dismissal (with the exception of the attorney's fee issue) based on Carrier's acceptance and payment of the claim, Claimant obviously prevailed on the claim filed in this proceeding. We reject the Employer and Carrier's argument that this subsection only applies if the claim goes to an adversarial hearing and is adjudicated in favor of the claimant.
In reaching this decision we have relied heavily on the fact that the Carrier did not notify Claimant or his attorney about its change of position and decision to accept the hernia injury as compensable before the claim was filed with the Division. Carrier's persistence in its denial of responsibility for any compensation until September, long after Claimant had employed an attorney who was in continuous contact with Carrier in the prosecution of the claim, and its failure to advise Claimant and his attorney of its internal decision to accept compensability, were decisive of the issue in this case. Once an employer or carrier has denied compensability of an injury and failed to make timely payment of benefits, the employer and carrier may be held liable for attorney's fees under subsection 440.34(3)(c) if the claimant employs an attorney to prosecute the claim, a proceeding is initiated by filing a claim invoking the jurisdiction of a judge of compensation claims before notice of acceptance of the claim is communicated to the claimant, and the claimant prevails on the claim through a favorable settlement with the carrier. See Chesney v. National Property Management, 414 So.2d 21 (Fla. 1st DCA 1982).
*487 As the appealed order is based on a construction and application of subsection 440.34(3)(c) that conflicts with this opinion, the order is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] Since Claimant sought attorney's fees under section 440.34(3)(c) before the judge of compensation claims and the order ruled on the basis of that section, we reject Claimant's argument on appeal that he was entitled to fees from the Carrier based on bad faith under section 440.34(3)(b). See Teitelbaum Concrete v. Sandelier, 506 So.2d 1122 (Fla. 1st DCA 1987); Sears Termite & Pest Control v. Spearman, 417 So.2d 292 (Fla. 1st DCA 1982).