PER CURIAM.
In this workers’ compensation case, the claimant seeks review of a final order denying requests for attorney’s fees for the services of her attorney in connection with claims related to her right hand; to her neck, back and right knee; and for EMG/ NCV testing. She also seeks review of the denial of her request for costs incurred in taking the deposition of her independent medical examiner.
We reverse the denial of the request for attorney’s fees for services in connection with the claim related to the right hand because it is not based on competent, substantial evidence. The undisputed evidence establishes that the claim was not timely accepted. The claimant is entitled to a fee pursuant to Gulledge v. Dion Oil Co., 605 So.2d 482 (Fla. 1st DCA 1992). The same is true as to the claim for EMG/NCV testing — the record clearly demonstrates that the testing ultimately received was the result of the efforts of the claimant’s attorney.
We also reverse the denial of the request for costs incurred in taking the deposition of the claimant’s independent medical examiner, Dr. Rubenstein. His testimony was clearly relevant to the com-pensability of both the claimant’s left and right hand conditions, on both of which she prevailed. Accordingly, she is entitled to tax the costs of securing the deposition. See, e.g., Raska v. Glasgow Contracting Co., 588 So.2d 307 (Fla. 1st DCA 1991). Finally, we affirm the denial of a fee for services attributable to the claim related to the neck, back and right knee because the reasons given are supported by competent, substantial evidence.
In summary, we reverse the denial of the request for attorney’s fees for services related to the right hand claim and the claim for.EMG/NCV testing; we reverse the denial of costs incurred in taking the deposition of Dr. Rubenstein; and we affirm the denial of the request for attorney’s fees for services related to the neck, back and right knee claim.
AFFIRMED IN PART and REVERSED IN PART.
WEBSTER, BENTON and PADOVANO, JJ., concur.